UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ----------------------------------------------------------------- X | CASE NO. 19-CV-280 | |
| TAMMY BRAKE, : | | |
| : | **DEFENDANTS EAST 22ND** | |
| : | **STREET TOWERS LLC,** | |
| Plaintiff(s), : | **YOSSEL LICHTMAN,** | |
| : | **SARA LICHTMAN, AND** | |
| -against- : | **MAYER WALDMAN'S** | |
| : | **MEMORANDUM OF LAW** | |
| SLOCHOWSKY AND SLOCHOWSKY, LLP, EAST : | **IN SUPPORT OF ITS** | |
| 22ND STREET TOWERS LLC, YOSSEL : | **MOTION TO DISMISS** | |
| LICHTMAN, SARA LICHTMAN, and MAYER : | **AND TO DECLINE** | |
| WALDMAN, : | **SUPPLEMENTAL** | |
| Defendant(s). : | **JURISDICTION** | |
| ----------------------------------------------------------------- X | | |

For the reasons set forth in the accompanying memorandum of law which is incorporated by reference, the defendants EAST 22ND STREET TOWERS LLC, YOSSEL LICHTMAN, SARA LICHTMAN, and MAYER WALDMAN hereby move for an order dismissing the complaint as against said moving defendants, or in the alternative, severing all state-based claims and remanding those claims to the Housing Part of Civil Court for the City of New York, County of Kings.

Date: April 4, 2019

EAST 22ND STREET TOWERS LLC,
YOSSEL LICHTMAN, SARA
LICHTMAN, and MAYER WALDMAN

_____
By: Dov Medinets, Esq.

Dov B. Medinets, 4819843
Gutman Weiss, P.C.

i

# TABLE OF CONTENTS

FACTS:        1

    A.   The First Housing Court Action        2

    B.   The Second Housing Action   3

    C.   Plaintiff's Causes of Action   4

ARGUMENT: 5

    A.   The Court Lacks Subject Matter Jurisdiction with Respect to the  N.Y.C. Admin. Code § 27-2120(b) Claim  5

    B.   The Complaint Fails to State a Cause of Action Under  N.Y.C. Admin. Code § 27-2120(b)  6

    C.   The Complaint Fails to State a Cause of Action Under  N.Y. Gen. Bus. Law § 349   8

    D.   The Court Should Decline Supplemental Jurisdiction and Remand State-Based Claims to the Housing Part in New York City Civil Court for Kings County    10

        (1)        State-based GBL § 349 claim predominates over FDCPA claim     12

        (2)   State-based Admin. Code § 27-2120(b) claim predominates over FDCPA claim     17

        (3)   Comity-based factors support declination of supplemental jurisdiction        17

CONCLUSION:        18

# TABLE OF AUTHORITIES

## CASES

*Bello v. Cablevision Systems Corp.*, 185 A.D.2d 262 (2d Dep't 1992)........................................ 10

*Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 701 F. Supp. 2d 340, 355 (E.D.N.Y. 2010)................................................................................................................ 9

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).................................................. 11, 17

*Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993) .................................... 5

*Dzganiya v. Cohen Ehrenfeld Pomerantz & Tenenbaum, LLP*, Case No. 1:17-cv-04525-GHW, 2018 U.S. Dist. LEXIS 82560, *18-19 (S.D.N.Y. May 15, 2018)........................ passim

*Giacobbe v. 115 Mulberry, LLC*, 2018 N.Y. Misc. LEXIS 836, 2018 NY Slip Op 30415(U), 11 (N.Y. Cnty. Mar. 12, 2018)............................................................................................ 7

*Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625, 636 (S.D.N.Y. 2008) ..... 9

*Gunst v. Seaga*, No. 05 Civ. 2626, 2007 U.S. Dist. LEXIS 25257, 2007 WL 1032265, *2 (S.D.N.Y. Mar. 30, 2007) ................................................................................................... 5

*Lautman v. 2800 Coyle St. Owners Corp.*, Case No. 13-CV-967 (ARR)(VVP), 2014 U.S. Dist. LEXIS 72703, *26-27 (E.D.N.Y. May 23, 2014) .......................................................... 9

*Lynch v. U.S. Automobile Ass'n*, 614 F. Supp. 2d 398, 403 (S.D.N.Y. 2007) ............................. 12

*Martinez v. Pinnacle Group*, 34 Misc. 3d 131(A), 131A, 946 N.Y.S.2d 67, 67 (1st Dep't 2011) ................................................................................................................................. 8

*Mascoll v. Strumpf*, No. 05-CV-667 (SLT), 2006 U.S. Dist. LEXIS 69061, 2006 WL 2795175, at *9 (E.D.N.Y. Sept. 26, 2006)........................................................................................ 9

*Peele v. New York City Dep't of Social Services/Human Resources Admin.*, No. 96-7041, 1996 U.S. App. LEXIS 26081, *5 (2d Cir. Oct. 3, 1996)................................................................ 6

*Seabrook v. Jacobson*, 153 F.3d 70, 71 (2d Cir. 1998)......................................................... 10, 11

*Securitron Magnalock Corp. v. Schnabolk, 65 F.3d 256, 264 (2d Cir. 1995)*.............................. 9

*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ........................................ 11, 12

## STATUTES

15 U.S.C. § 1692...................................................................................................................... 4

15 U.S.C. § 1692a.................................................................................................................... 12

15 U.S.C. § 1692d .................................................................................................. 11, 14

15 U.S.C. § 1692e .................................................................................................. 11, 14

15 U.S.C. § 1692f .................................................................................................. 11, 14

28 U.S.C. § 1367 ........................................................................................... 1, 4, 10, 17

N.Y. Gen. Bus. Law § 349 ................................................................................... passim

**OTHER AUTHORITIES**

N.Y.C. Admin Code § 27-2004(a) ............................................................................ 4, 7

N.Y.C. Admin. Code § 27-2005 .................................................................................. 4

N.Y.C. Admin Code § 27-2120(b) ....................................................................... passim

**RULES**

Fed. R. Civ. P. 12 ............................................................................................... 1, 4, 5

Defendants EAST 22ND STREET TOWERS LLC, YOSSEL LICHTMAN, SARA LICHTMAN, and MAYER WALDMAN (hereinafter, the "Moving Defendants"), by their attorneys, Gutman Weiss, P.C., submit this memorandum of law in support of their motion to dismiss the third and fourth cause of action asserted in the complaint (the "Complaint") filed by plaintiff TAMMY BRAKE (the "Plaintiff") pursuant to Fed. R. Civ. P. ("Rule") 12(b)(1), 12(b)(6) and 12(c), or, in the alternative, an order declining supplemental jurisdiction, severing state-based claims, and remanding severed claims, pursuant to 28 U.S.C. § 1367(c), the Housing Part of Civil Court for the City of New York, County of Kings (hereinafter, the "Motion").

As grounds for their Motion, Moving Defendants state that good cause exists for granting Moving Defendants' Motion, including:

a) Lack of subject matter jurisdiction with respect to Plaintiff claim pursuant to N.Y.C. Admin. Code § 27-2120(b);

b) Failure to state a cause of action with respect to Plaintiff's claims pursuant to N.Y.C. Admin. Code § 27-2120(b) and N.Y. General Business Law § 349;

c) Failure to establish sufficient bases for supplemental jurisdiction over state-based claims that predominate over the federal-based claim based on judicial values of comity, fairness, convenience and efficiently.

## STATEMENT OF FACTS

Plaintiff in this action is a tenant currently residing at 596 East 22nd Street, apt. 4B Brooklyn, N.Y. 11226 a/k/a Block 5221, Lot 61 in Kings County, New York (the subject "Premises").

The subject Premises is owned by Defendant EAST 22ND STREET TOWERS LLC (the "Owner"). Defendants YOSSEL LICHTMAN ("YOSSEL"), SARA LICHTMAN ("SARA"), and

MAYER WALDMAN ("MAYER," and together with the YOSSEL and SARA, the "Individual Defendants") are named in this action as officers and agents of the Owner.

Defendant SLOCHOWSKY AND SLOCHOWSKY, LLP (the "Law Firm") is a law firm hired by Owner to commence rent collection actions for defaulting tenants, including two actions commenced against Plaintiff in 2018 in the Housing Part of Civil Court for the City of New York, County of Kings (collectively, the "Housing Court Actions," and each individual action, a "Housing Court Action").

### A.      The First Housing Court Action

Plaintiff alleges the following facts regarding the first Housing Court Action:

On or about January 11, 2018, the Owner sent a "5 Day Notice" to Plaintiff stating that $2,130.18 in past-due rent was due and owing for the last two months of 2017 and for January 2018, and demanded "complete payment of rent or surrender possession of the premises."

On February 13, 2018, Plaintiff's attorney sent the Owner a response letter stating that rent had been fully paid for the above-referenced months and attaching the relevant canceled checks.

The Law Firm proceeded to file the first Housing Court Action on the Owner's behalf, seeking $2,130.18 for rent arrears for December 2017 and for January and February 2018 and $272.00 in legal fees.

The attorneys for Plaintiff and the Law Firm appeared in Housing Court on February 21, 2018, at which time an associate from the Law Firm appeared and provided a rent ledger (the "Ledger") showing the Owner's account for Plaintiff for each month between February 2016 through February 2018.

The Owner's Ledger listed a "carried balance" of $637.54 owed by Plaintiff to Owner prior to February 2016, and otherwise showed the Plaintiff had paid rent for all intervening months.

The Law Firm associate did not agree to discontinue the Owner's Housing Court Action at that time because of the amount shown as a carried balance.

At a continuance hearing held on March 13, 2018, an attorney from the Law Firm defendant appearing on the Owner's behalf could not further substantiate the amount of the above-referenced carried balance that the Ledger indicated Plaintiff owed to Owner. Accordingly, the parties signed a stipulation discontinuing the action with prejudice "through February 2018."

**B.      The Second Housing Action**

Plaintiff alleges the following facts regarding the second Housing Court Action:

On or about June 4, 2018, the Owner sent a second "5 Day Notice" stating that Plaintiff owed $2,130.18 in rent arrears, although Plaintiff did not owe this rent.

The Law Firm filed the second Housing Court Action seeking $1711.75 in alleged arrears and legal fees.

On August 6, 2018, attorneys for Plaintiff and the Law Firm appeared in Housing Court, at which time the attorney from the Law Firm defendant produced another copy of the Owner's Ledger to establish Owner's basis for suit on arrears of $710.27.

The Owner's Ledger had not been updated to remove the above-referenced carried balance. The court granted an adjournment "for parties to review the ledger."

3

Immediately following the hearing, Plaintiff's attorney requested that the Law Firm discontinue the action.  The attorney from the defendant Law Firm did not agree to discontinue at that time because he believed Plaintiff still owed the Owner rent arrears from April 2017.

On October 3, 2018, the parties appeared in Housing Court, at which time Owner's attorney agreed to stipulate to a discontinuance after it became clear that the Owner could not document any rent arrears from 2017 or 2015.

## C.      Plaintiff's Causes of Action

Based on the forgoing facts, Plaintiff alleges four causes of action, for: (i) violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692(e) (the "FDCPA" claim), (ii) violation of the N.Y. Judiciary Law § 487 (the "Judiciary Law" claim), (iii) violation of N.Y.C. Admin. Code § 27-2004(a)(48) and § 27-2005(d) (the "Admin. Code" claim), and (iv) violation of N.Y. General Business Law § 349 (the "GBL" claim, and together with the Judiciary Law claim and Admin. Code claim, collectively, the "State-Based Claims").

The first and second causes of action, seeking relief under the FDCPA and the Judiciary Law, are only asserted as against the non-moving Law Firm defendant, SLOCHOWSKY AND SLOCHOWSKY, LLP.

Only the third and fourth causes of action are asserted as against the Moving Defendants, seeking: (i) pursuant to the Admin. Code claim, an injunction against the Moving Defendants against further violations of N.Y.C. Admin. Code § 27-2005(d), and (ii) pursuant to the GBL claim, an injunction, treble damages, punitive damages, and costs.

For the reasons set forth below, Moving Defendants now move this Court for an order, pursuant to Rule 12(b)(1), (b)(6) and (c), dismissing the third and fourth causes of action, or in the alternative, pursuant to 28 U.S.C. § 1367(c), severing the State-Based Claims from the FDCPA

4

claim and remanding those claims to the Housing Part of Civil Court for the State of New York, County of Kings.

## ARGUMENT

**A.      The Court Lacks Subject Matter Jurisdiction with Respect to the N.Y.C. Admin. Code § 27-2120(b) Claim**

When a party moves to dismiss a claim pursuant to Rule 12(b)(1), "the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction." *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993) (citations omitted). For the purposes of such a motion, "the allegations in the complaint are not controlling . . . and only uncontroverted factual allegations are accepted as true." *Id.* (internal citations omitted). "Furthermore, 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Gunst v. Seaga*, No. 05 Civ. 2626, 2007 U.S. Dist. LEXIS 25257, 2007 WL 1032265, *2 (S.D.N.Y. Mar. 30, 2007) (quoting *Shipping Financial Services Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)).

Plaintiff brings its third cause of action for injunctive relief pursuant to N.Y.C. Admin. Code § 27-2120(b), which provides in relevant part:

> Any tenant, or person or group of persons lawfully entitled to occupancy may individually or jointly apply *to the housing part of the civil court* for an order restraining the owner of the property from engaging in harassment.

(emphasis added). Thus, as is made clear on the face of the statute, Plaintiff's claim to enjoin the "owners" from "engaging in harassment" must be brought to the "housing part of the civil court." *See id.*

The Second Circuit has long held that, where state law imposes a restriction "over state law claim[s]" that "depriv[es] its courts of jurisdiction" by conferring exclusive jurisdiction to a particular adjudicating body, such a restriction will "also operate[] to divest a federal court of

5

jurisdiction to decide the claim." *Peele v. New York City Dep't of Social Services/Human Resources Admin.*, No. 96-7041, 1996 U.S. App. LEXIS 26081, *5 (2d Cir. Oct. 3, 1996) (citing *Moodie v. Federal Reserve Bank*, 58 F.3d 879, 884 (2d Cir. 1995)); *see also McAllister v. Quik Park*, 661 Fed. Appx. 61, 64 (2d Cir. 2016) (same); *Rumsey v. Northeast Health, Inc.*, 634 Fed. Appx. 318 (2d Cir. 2016) (same); *York v. Ass'n of the Bar*, 286 F.3d 122 (2d Cir. 2002) (holding that supplemental jurisdiction did confer federal court with subject matter jurisdiction over claims arising from a "self-limiting . . . code-created right[]" which specifically restricts adjudication of said right to a specific venue, as "a party can only exercise a statutory or code-created right of action as the statute of code provides" as long as such restriction is found to be "a valid state law restriction of the state law right of action.").   Thus, the court in *Peele* held that "the district court properly found that it could not exercise supplemental jurisdiction over Peele's N.Y.C. Admin. Code claim" because New York law expressly granted the New York City Board of Collective Bargaining with exclusive jurisdiction to hear such state-based rights of action.  1996 U.S. App. LEXIS 26081, *4-5 (2d Cir. Oct. 3, 1996).

Here, N.Y.C. Admin. Code § 27-2120(b) clearly provides the Housing Part of New York City Civil Court for the City of New York with subject matter jurisdiction over all claims for injunctive relief from harassing behavior by New York City landlords, and therefore federal district court has no subject matter jurisdiction to hear such a claim.  *See id.*

**B.    The Complaint Fails to State a Cause of Action Under
        N.Y.C. Admin. Code § 27-2120(b)**

The Complaint improperly names each of the Individual Moving Defendants in its Tenant Harassment Claim, as they are not "owners" under the relevant statutory definition, as detailed below.

The statute makes clear that a claim for tenant harassment seeking injunctive relief, per § 27-2120, must be made against "the owner," which is a term defined by statute, under § 27-2004(a)(45). Under § 27-2004(a)(45), the term "owner" shall mean and include the owner . . . a mortgagee or vendee in possession, assignee of rents, receiver, executor, trustee, lessee, agent, or any other person . . . in control of a dwelling" (hereinafter, the "General Definition of Owner"). § 27-2004(a)(45) also provides an expanded definition of "owner" *for the purposes of sections 27-198 and 27-2093 only* to include, "in addition to those mentioned hereinabove, all officers, directors and persons having an interest in more than ten per cent of the issued and outstanding stock of the owner . . ." (the "Expansive Definition of Owner"). By clear implication, officers, directors and shareholders or members of an owner are not considered owners themselves for any actions except those brought pursuant to § 27-198 and § 27-2093 *only*.

The cause of action at bar is not brought pursuant to § 27-198 or § 27-2093, but rather pursuant to § 27-2120(b). Accordingly, the Expansive Definition of Owner does not apply, and therefor the Individual Defendants are not properly named defendants with respect thereto. Individual officers cannot be sued for violations committed by corporate owners merely on the basis of their official position with a corporate owner. *Giacobbe v. 115 Mulberry, LLC*, 2018 N.Y. Misc. LEXIS 836, *15, 2018 NY Slip Op 30415(U), 11 (N.Y. Cnty. Mar. 12, 2018).

Moreover, even with respect to the Corporate Moving Defendants, the Complaint fails to state a cause of action for a Tenant Harassment Claim. Per § 27-2004(a)(48), "harassment" of a tenant occurs, in relevant part, by "commencing *repeated baseless or frivolous court proceedings* against any person lawfully entitled to occupancy of such dwelling unit" (emphasis added). Thus, the statute has two requirements for establishing this category of harassment claim, (1) the commencement of more than one proceeding against the tenant, and (2) the *baselessness* of more

than one such proceeding.  Merely alleging that two court proceedings were commenced by the landlord against the tenant is not sufficient to establish liability under this section.  Rather, *both* proceedings must be shown to be baseless or frivolous.  *See Martinez v. Pinnacle Group*, 34 Misc. 3d 131(A), 131A, 946 N.Y.S.2d 67, 67 (1st Dep't 2011).

Here, the complaint only alleges that the two eviction actions form the basis of its Tenant Harassment Claim.  However, the very facts set forth in the complaint clearly show that the first eviction action was not baseless or frivolous.  The Complaint specifically admits that the owner in the first eviction action did produce a rent ledger that listed a carried balance of $637.54.  Thus, although the owner may not have been able to corroborate or further substantiate its claim for such amount, the owner's first eviction action, attempting to recover said amounts, cannot be characterized as baseless or frivolous.

Accordingly, Plaintiff's Tennant Harassment Claim should be dismissed as against all the Individual Moving Defendants because they are not owners under the relevant statutory defemination, and should further be dismissed as against all of the Moving Defendants because the Complaint failed to show that the first eviction action was baseless or frivolous.

## C.     The Complaint Fails to State a Cause of Action Under N.Y. Gen. Bus. Law § 349

Section 349 makes it unlawful to engage in "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." N.Y. Gen. Bus. Law ("GBL") § 349(a).  An individual "who has been injured by" such deceptive acts or practices has a private right of action to recover the greater of his actual damages or fifty dollars.  *Id.* at § 349(h).  A private action under section 349 requires a showing (1) that the defendant's conduct or practice was misleading in a material respect, (2) that it was consumer-oriented, and (3) that the plaintiff was injured thereby.  *Lautman v. 2800 Coyle St. Owners Corp.*, Case No. 13-CV-967

(ARR)(VVP), 2014 U.S. Dist. LEXIS 72703, *26-27 (E.D.N.Y. May 23, 2014) (citing, e.g., *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000); *Gristede's Foods. Inc. v. Unkechauge Nation*, 532 F. Supp. 2d 439, 450 (E.D.N.Y. 2007)).

Private transactions "not of a recurring nature" or "without ramifications for the general public" do not fall within the purview of § 349. *Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625, 636 (S.D.N.Y. 2008). "The typical violation contemplated by the statute involves an individual consumer who falls victim to misrepresentations made by a seller of consumer goods usually by way of false and misleading advertising." *Id.* (internal quotation marks and citation omitted). "Whether a plaintiff can bring a § 349 claim will depend on 'whether the matter affects the public interest in New York.'" *Id.* (quoting *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995)). The "gravamen of the complaint" must be harm to the public interest. *Securitron Magnalock Corp.*, 65 F.3d at 264.

In the case at bar, the allegations regarding the Housing Court Actions do not involve the deceptive consumer-oriented type of conduct targeted by the statute. *See Lautman*, 2014 U.S. Dist. LEXIS 72703 at *26. Moreover, "a Section 349 violation requires a defendant to mislead the plaintiff in some material way." *Mascoll v. Strumpf*, No. 05-CV-667 (SLT), 2006 U.S. Dist. LEXIS 69061, 2006 WL 2795175, at *9 (E.D.N.Y. Sept. 26, 2006) (quoting *Conboy v. AT&T Corp.*, 241 F.3d 242, 258 (2d Cir. 2001)). Here, Plaintiff does not assert that Plaintiff was in any way misled by the allegedly false rent arrears claimed by the Law Firm on behalf of the Owner in the Housing Court Actions. To the extent Plaintiff's argument is that Defendants misled the Housing Court, that argument must fail because it does not show consumer-oriented deception. *See id.*; *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 701 F. Supp. 2d 340, 355 (E.D.N.Y. 2010) (adopting Magistrate Judge's conclusion in report and recommendation that

defendants' allegedly false misrepresentations made during civil court litigation not sufficient to state a claim under § 349).   Accordingly, Plaintiff's § 349 claim with respect to the defendants' conduct in connection with the Housing Court proceeding must be dismissed with prejudice.  *See also Bello v. Cablevision Systems Corp.*, 185 A.D.2d 262 (2d Dep't 1992) (Plaintiffs failed to state causes of action for deceptive acts and practices and false advertising under § 349 where they failed to assert facts from which it could be concluded that they justifiably relied on alleged misrepresentations).

**D.      The Court Should Decline Supplemental Jurisdiction and Remand State-Based Claims to the Housing Part in New York City Civil Court for Kings County**

The Court should decline supplemental jurisdiction over the State-Based Claims in this action.   As set forth below, the issues raised by such state-based claims in this action clearly predominate the FDCPA claim, and judicial values of comity, fairness, convenience and efficiently all militate in favor of remanding such State-Based Claims to state court.

Pursuant to 28 U.S.C. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction" if one of the following four factors is applicable:

> (1)  the claim raises a novel or complex issue of State law,
> (2)   the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3)   the district court has dismissed all claims over which it has original jurisdiction, or
> (4)   in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c); *see Seabrook v. Jacobson*, 153 F.3d 70, 71 (2d Cir. 1998).

The judicial values imbedded in the doctrine of pendent jurisdiction, "which § 1367 codifies," include a comity-based concerns for the relationship between state and federal courts, and is clearly reflected in all but the last "catch-all provision" of § 1367(c)(4)." *Id.*  Thus, prior to

exercising supplemental jurisdiction, the Supreme Court has continued to emphasize the need for federal courts to give weight to the values of "judicial economy, convenience, fairness and comity." *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)); *see Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004) ("where at least one of the subsection 1367(c) factors is applicable, a district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values articulated in [*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)]: economy, convenience, fairness, and comity").

"When a pendant state claim turns on novel or unresolved questions of state law . . . principles of federalism and comity may dictate that these questions be left for decision by the state courts." *Seabrook*, 153 F.3d at 72.

In this action, the only basis for federal jurisdiction arises from the first cause of action, brought pursuant to federal statute under the FDCPA. The Complaint enumerates three specific violations under three specific provisions of the FDCPA as against the Law Firm defendant, pursuant to 15 U.S.C. § 1692d (prohibiting "Harassment or Abuse"), § 1692e (prohibiting "False or Misleading Representations"), and § 1692f (prohibiting "Unfair Practices"). Under the FDCPA, 'Harassment or Abuse' include conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt"; 'False or Misleading Representations' include "any false, deceptive, or misleading representation or means in connection with the collection of any debt"; and 'Unfair Practices' include "unfair or unconscionable means to collect or attempt to collect any debt". 15 USC §§ 1692d, 1692e, and 1692f.

The Complaint also alleges that the Plaintiff is a 'consumer' under 15 U.S.C. § 1692a(3), and the Law Firm defendant is a 'debt collector' under 15 U.S.C. § 1692a(6).

### (1)    State-based GBL § 349 claim predominates over FDCPA claim

To analyze whether a state-law claim would substantially predominate over a federal claim, the Supreme Court has identified several factors for courts to consider: "the proof needed to establish the state-law issues; the scope of the state-law issues raised; and the comprehensiveness of the remedy sought." *Lynch v. U.S. Automobile Ass'n*, 614 F. Supp. 2d 398, 403 (S.D.N.Y. 2007) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1966)) (other citation omitted).

The issues and facts relevant to Plaintiff's GBL claim, pursuant to GBL § 349, are much broader in scope than those relevant to the FDCPA. *See Dzganiya v. Cohen Ehrenfeld Pomerantz & Tenenbaum, LLP*, Case No. 1:17-cv-04525-GHW, 2018 U.S. Dist. LEXIS 82560, *18-19 (S.D.N.Y. May 15, 2018).

The threshold issue to be determined in the GBL claim is whether the conduct at issue is "consumer oriented." *Id.* at *19 (citing N.Y. Gen. Bus. Law § 349(a); *City of New York v. Smokes-Spirits.com, Inc.*, 541 F.3d 425, 455 (2d Cir. 2008) ("[T]he gravamen of a § 349 claim is consumer injury or harm to the public interest." (internal quotation marks and citation omitted)), *rev'd on other grounds sub nom.*, *Hemi Grp., LLC v. City of New York*, 559 U.S. 1 (2010); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 24, (1995) ("As shown by its language and background, section 349 is directed at wrongs against the consuming public."). In order "[t]o satisfy this element, a plaintiff 'must demonstrate that the acts or practices have a broader impact on consumers at large.'" *Id.* (quoting *Oswego*, 85 N.Y.2d at 25). "Such public impact may be demonstrated 'by showing that the conduct at issue 'potentially affects

12

similarly situated consumers.'"  *Id.* (quoting *RFP LLC v. SCVNGR, Inc.*, 788 F. Supp. 2d 191, 199 (SDNY 2011) (quoting *Wilson v. Northwestern Mut. Ins. Co.*, 625 F.3d 54, 64 (2d Cir. 2010))). "Where conduct is not inherently consumer oriented, 'a plaintiff must establish facts showing injury or potential injury to the public.'"  *Id.* (quoting *Wilson*, 625 F.3d at 65).

First, the question under New York law as to whether "a rent dispute between a tenant and her landlord is inherently consumer oriented is not well established."  *Id.* at *19-20 ("The New York Court of Appeals has yet to comment on this issue, and other courts have dismissed GBL claims brought by tenants on the basis that the underlying conduct amounts to nothing more than a private transaction" (citing string of cases, including, e.g., *Aguaiza v. Vantage Props., LLC*, 69 A.D.3d 422 (1st Dep't 2010) (affirming dismissal of GBL § 349 claim because the plaintiff's allegations "presented only private disputes between landlords and tenants, and not consumer-oriented conduct aimed at the public at large")).

In light of this, to prove the GBL claim, Plaintiff would be required to produce evidence that Defendants alleged conduct has injured, or could potentially injure, the public at large.  *See id.* at *21 (citing *Wilson*, 625 F.3d at 65).  Indeed, Plaintiff has clearly anticipated this burden, by alleging in the Complaint that the Law Firm defendant has engaged in:

> a pattern and practice of misrepresenting the facts and amount of rental arrears to tenants and to courts, and actively concealing the existence of prior payments, settlements, and court orders that affect rental arrears. . . . because it is profitable and because it would be more costly for defendants to implement systems that would accurately track rental p0ayment and arrears.

Complaint, ¶¶ 58-59.  Accordingly, "[d]iscovery related to the GBL claim likely will be aimed at developing evidentiary support for theses allegations, which extend well beyond the [first and second Housing Court Actions] brought against Plaintiff."  *See Dzganiya*, 2018 U.S. Dist. LEXIS 82560 at *21.

13

By contrast, to establish a claim under the FDCPA, the Plaintiff must prove that "(1) the plaintiff is a 'consumer'; (2) the defendant is a 'debt collector'; and the defendant committed some act or omission that violates the FDCPA." *Id.* (citing *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 134 (2d Cir. 2010)).

Assuming for the purposes of this Motion that Plaintiff is a consumer and that the Law Firm defendant is a debt collector, as defined under the FDCPA and alleged in the Complaint, Plaintiff will need to prove that the Law Firm defendant violated one or more of the three provisions of the Acts as pleaded in the Complaint (i.e. 15 USC §§ 1692d, 1692e, and 1692f). Critically, "[n]one of those provisions requires a plaintiff to establish conduct by the debt collector that is targeted at individuals beyond the plaintiff herself," and therefore evidence in support of the FDCPA claim "will need to be focused only on Plaintiff's housing court proceeding." *See id.* at *22.

Second, the "GBL claim also requires a plaintiff to prove an injury beyond a violation of the statute, whereas the FDCPA does not." *Id.* (citing, *compare Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000) (stating that a GBL plaintiff must prove "'actual' injury to recover under the statute, though not necessarily pecuniary harm" (citation omitted)), *with Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 307 (2d Cir. 2003) (holding that a FDCPA plaintiff need not show "actual damages," but that a showing that the defendant "attempted to collect money in violation of the FDCPA" suffices); *see also Papetti v. Does 1-25*, 691 F. App'x 24, 26 (2d Cir. 2017) (finding that plaintiff's allegations of violations of sections 1692e and g of the FDCPA by themselves "entail[ed] the concrete injury necessary for standing" (quoting *Strubel v. Comenity Bank*, 842 F.3d 181, 189 (2d Cir. 2016)))). Therefore, to prove the GBL claim, Plaintiff would need to develop evidence of injuries, injuries which are alleged to include lost work income, travel costs

14

to Housing Court, and emotional distress.  Complaint, ¶ 47.  Because such evidence is not required to establish the FDCPA claim, it would not necessarily be presented to the Court in connection with the federal claim.

Third, unlike the FDCPA claim, the GBL claim carries with it the potential for punitive damages, which Plaintiff herein specifically allege.  Complain, ¶ 61.  *See Dzganiya*, 2018 U.S. Dist. LEXIS 82560, *23-24 (citing 15 U.S.C. § 1692k (limiting damages recoverable by an individual plaintiff under the FDCPA to actual damages, "such additional damages as the court may allow, but not exceeding $1,000," and the costs and fees incurred in a successful enforcement action)); *Koch v. Greenberg*, 14 F. Supp. 3d 247, 273 (S.D.N.Y. 2014) (affirming award of punitive damages in connection with GBL § 349 claim); *Wilner v. Allstate Ins. Co.*, 71 A.D.3d 155 (2d Dep't 2010) (same))).

To establish entitlement to an award of punitive damages under New York law, a plaintiff mush establish "conduct which is aimed at the public generally, involves a fraud evincing a high degree of moral turpitude, and demonstrates such wanton dishonesty as to imply a criminal indifference to civil obligations."  *Id.* at *24 (quoting *Manning v. Utilities Mut. Ins. Co.*, 254 F.3d 387, 400 (2d Cir. 2001) (citation and internal quotation marks omitted); *accord Evans v. Ottimo*, 469 F.3d 278, 283 (2d Cir. 2006); *Rocanova v. Equitable Life Assurance Soc'y of the U.S.*, 83 N.Y.2d 603, 613 (1994)).

In the Complaint, Plaintiff alleges that the Law Firm defendant engaged in a "pattern and practice" that resulted in tenants being "falsely led to believe that they owe money that they do not owe, are prevented from preparing adequate responses in order to avoid or to properly defend themselves in court proceedings . . . and may be incidence to pay more than the rent they properly owe under their leases . . ."  Complaint, ¶ 59.  Based on the forgoing, the Plaintiff claims the

conduct of Defendants "evidences a high degree of moral culpability, or is so flagrant as to transcend mere carelessness, or constitutes willful or wanton negligence or recklessness to justify a punitive damage award."  Complaint, ¶ 60.  Therefore, it is likely that the evidence Plaintiff would present to the Court in connection with the GBL claim would include evidence to establish the "high degree of moral turpitude and wanton dishonest" that is necessary to sustain an award of punitive damages.  *See id.* (quoting *Manning*, 254 F.3d at 400).  Evidence presented in support of claimed punitive damages could also be expected to include details regarding the financial capacity of the Law Firm plaintiff to pay such an award.  *See id.*  Because the FDCPA does not permit the award of punitive damages, that evidence would not necessarily be presented to the Court in the absence of pendent jurisdiction over the state claim.

In essence, the evidence required to prove Plaintiff's FDCPA claim is limited to the accuracy of, and the legal basis for, the two Housing Court Actions brought against Plaintiff individually and the service of pleadings on Plaintiff directly.  However, proof of the GBL claim, by contrast, would require additional evidence of the Law Firm defendant's business practices at large.  "Resolution of the FDCPA claim, therefore, would not decide the GBL claim."  *See id.* Furthermore, the survival of the GBL claim likely "would also result in the presentation of evidence in support of punitive damages."  *See id.*  In short, "permitting Plaintiff to litigate both [FDCPA and GBL] claims in this court would be tantamount to "allowing a federal tail to wag what is in substance a state dog."  *See id.* (quoting *Jacobs v. Castillo*, 612 F. Supp. 2d 369, 374-75 (S.D.N.Y. 2009) (internal citation omitted)).

Accordingly, with respect to the GBL cause of action, the Court should find that the state law claim "substantially predominates over the [FDCPA] claim."  § 1367(c)(2).

(2)     State-based Admin. Code § 27-2120(b) claim predominates over FDCPA claim

The issues and facts relevant to Plaintiff's Admin. Code claim, pursuant to N.Y.C. Admin Code § 27-2120(b), are much broader in scope than those relevant to the FDCPA.

As discussed above, the evidence required to prove Plaintiff's FDCPA claim is limited to the accuracy of, and the legal basis for, any one of the two Housing Court Actions brought against Plaintiff individually.

By contrast, as detailed above, Plaintiffs claim under N.Y.C. Admin Code § 27-2120(b) would require proof, as against the Individual Defendants, that said individuals were "in control of a dwelling."  Further, as established above, a claim under N.Y.C. Admin. Code § 27-2120(b) requires proof of at least two instances of "baseless or frivolous court proceedings."  Thus, "[r]esolution of the FDCPA claim, therefore, would not decide the [claim under N.Y.C. Admin Code § 27-2120(b)]."  *See Dzganiya*, 2018 U.S. Dist. LEXIS 82560, *24.

Accordingly, with respect to the cause of action under N.Y.C. Admin Code § 27-2120(b), the Court should find that the state law claim "substantially predominates over the [FDCPA] claim."  § 1367(c)(2).

(3)     Comity-based factors support declination of supplemental jurisdiction

The comity-based factors articulated in *Cohill*, 484 U.S. at 350 and *Gibbs*, 383 U.S. 715, including "judicial economy, convenience, fairness and comity," further militate in favor of declining supplemental jurisdiction in this case.

This action was first filed on January 5, 2019, and has not advanced passed the pleading stage.  The Court has entertained no substantive arguments from the parties outside of those made in connection with this Motion.  No discovery has been sought or obtained.  Therefore, this Court is no more familiar with the facts and legal issues of this case than any court would be at the

pleading stage.   Accordingly, judicial economy considerations weigh in favor of declining supplemental jurisdiction.  *See Dzganiya*, 2018 U.S. Dist. LEXIS 82560, *27 (citing *Chenensky v. N.Y. Life Ins. Co.*, 942 F. Supp. 2d 388, 393 (S.D.N.Y. 2013) (declining to exercise supplemental jurisdiction over state claim despite the fact that the case had been pending for five years because the case was "not even on 'the eve of the eve of trial,'" did not involve any "special circumstances," and discovery was incomplete (internal citations omitted))).

Moreover, the judicial value of comity between state and federal courts would also be advance by severing and remanding the claim under N.Y.C. Admin Code § 27-2120(b).  As set forth above, the New York State legislature has made clear its intent that all actions for relief pursuant to N.Y.C. Admin. Code § 27-2120(b) must be commenced in the Housing Part of New York City Civil Court.  To permit such an action to move forward in this court would be a clear contravention of New York law and the intent of the New York State legislature in establishing this form of relief.

## <u>CONCLUSION</u>

Based on the forgoing, the Court should dismiss the Plaintiff's third and fourth causes of action, or in the alternative, the Court should decline supplemental jurisdiction over all State-Based Claims and remand those claims to the Housing Part of Civil Court for the City of New York, County of Kings, for a determination on the merits.

Dated: Brooklyn, New York
         April 4, 2019

GUTMAN WEISS, P.C.
*Attorneys for the defendants EAST 22ND*
*STREET TOWERS LLC, YOSSEL*

*LICHTMAN, SARA LICHTMAN, and*
*MAYER WALDMAN*

_____
By: Dov Medinets, Esq.
2276 Sixty-Fifth Street, 2nd Floor
Brooklyn, N.Y. 11204
718-259-2100