UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TAMMY BRAKE,

                Plaintiff,

    -against-

SLOCHOWSKY AND SLOCHOWSKY, LLP,
EAST 22nd STREET TOWERS LLC,
YOSSEL LICHTMAN, SARA LICHTMAN, and
MAYER WALDMAN,

             Defendants.

Docket No.:1:19-cv-00280-ENV-JO

---

**DEFENDANT SLOCHOWSKY AND SLOCHOWSKY LLP'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE
COMPLAINT, PURSUANT TO FED. R. CIV. P. 12(b)(1) and 12(b)(6)**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... iv

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF RELEVANT FACTS AND ALLEGATIONS................................ 1

    I.     The First Action ....................................................................................... 1

    II.    The Second Action.................................................................................... 3

    III.   Plaintiff's Allegations .............................................................................. 4

ARGUMENT............................................................................................................ 4

    I.     STANDARD APPLICABLE TO THIS MOTION TO DISMISS ........................ 4

    II.    PLAINTIFF'S DEMAND FOR AN INJUNCTION MUST BE DISMISSED...... 5

    III.   PLAINTIFF'S FDCPA CLAIM MUST BE DISMISSED ................................. 7

           A.    Plaintiff Fails to Allege Facts from which the Court May Infer that Any FDCPA Violation Occurred....................................................................... 7

           B.    Defendant Law Firm Sent Validation Notices to Plaintiff, who Failed to Dispute Her Debts within Thirty Days Thereafter...................................... 8

           C.    Plaintiff Fails to Allege Any "Harassment or Abuse" by Defendant Law Firm Sufficient to State a Claim for Violation of 15 U.S.C. § 1692d ........ 9

           D.    Plaintiff Fails to Allege "False or Misleading Representations" Sufficient to State a Claim for Violation of 15 U.S.C. § 1692e against Defendant Law Firm................................................................................................. 10

           E.    Plaintiff Fails to Allege Any "Unfair or Unconscionable Means" by Defendant Law Firm Sufficient to State a Claim for Violation of 15 U.S.C. § 1692f ................................................................................................. 11

           F.    The FDCPA Claims Are Precluded by Collateral Estoppel and Res Judicata ................................................................................................. 13

           G.    Plaintiff Has Suffered No Compensatory Damages ................................ 13

    IV.   PLAINTIFF'S CLAIM UNDER JUDICIARY LAW 487 MUST BE DISMISSED ....................................................................... 14

    V.    PLAINTIFF'S CLAIM UNDER GBL 349 MUST BE DISMISSED.................. 17

CONCLUSION......................................................................................................................... 19

# TABLE OF AUTHORITIES

**Cases**

*Amoco Prod. Co. v. Vil. of Gambell*, 480 U.S. 531 (1987).............................................................. 6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................... 4, 5

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007) ................................... 4, 14

*Briarpatch Ltd., L.P. v Frankfurt Garbus Klein & Selz, P.C.*, 13 A.D.3d 296
    (1st Dep't 2004) ............................................................................................................. 14, 16

*Bryant v. Silverman*, 2017 U.S. Dist. LEXIS 31737 (S.D.N.Y. Mar. 6, 2017) ........................... 14

*City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) ................................................................. 6

*City of NY v. Smokes-Spirits.Com, Inc.*, 12 N.Y.3d 616 (2009) ................................................... 18

*Dembitzer v. Weinberg Mediation Group LLC*, 2018 U.S. Dist. LEXIS 132008
    (E.D.N.Y. Aug. 3, 2018) ...................................................................................................... 7

*DiMatteo v. Sweeney, Gallo, Reich & Bolz , L.L.P*, 619 F. App'x 7 (2d Cir. 2015) ........... 8, 10-12

*District of Columbia Court of App. v. Feldman*, 460 U.S. 462 (1982)........................................ 13

*Epifano v. Schwartz*, 279 A.D.2d 501 (N.Y. App. Div. 2d Dep't 2001) ..................................... 14

*Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330 (N.Y. 1999)........................................ 17

*Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625 (S.D.N.Y. 2008)............ 17

*Hecht v. United Collection Bur., Inc.*, 691 F.3d 218 (2d Cir. 2012)............................................... 6

*Jacquemyns v. Spartan Mullen et cie*, 2011 U.S. Dist. LEXIS 10963
    (S.D.N.Y. Feb. 1, 2011) ................................................................................................. 14-15

*Jang v. A.M. Miller & Assoc.*, 122 F.3d 480 (7th Cir. 1997)......................................................... 9

*Lautman v. 2800 Coyle St. Owners Corp.*, 2014 U.S. Dist. LEXIS 72703
    (E.D.N.Y. May 23, 2014) .................................................................................................... 17

*Kaiser v. Van Houten*, 12 A.D.3d 1012 (N.Y. App. Div. 3d Dep't 2004)................................... 16

*Mahler v. Campagna*, 60 A.D.3d 1009 (N.Y. App. Div. 2d Dep't 2009) .................................... 16

*Mascoll v. Strumpf*, 2006 U.S. Dist. LEXIS 69061, 2006 WL 2795175
    (E.D.N.Y. Sept. 26, 2006).................................................................................................... 17

*Ognibene v. Parkes*, 671 F.3d 174 (2d Cir. 2011) ........................................................ 6

*Oswego Laborers' Local 214 Pension Fund v. Mar. Midland Bank, N.A.*,
　85 N.Y.2d 20 (1995) ................................................................................................ 18

*Ouaknine v. MacFarlane*, 897 F.2d 75 (2d Cir. 1990) ................................................ 14

*Raytman v Jeffrey G. Lerman, P.C.*, 2018 U.S. Dist. LEXIS 180075
　(S.D.N.Y. Oct. 19, 2018) ......................................................................................... 19

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) ..................................................... 13

*Rozen v. Russ & Russ, P.C.,* 76 A.D.3d 965 (2d Dep't 2010) ..................................... 16

*Ruston v. Town Board for the Town of Skaneateles*, 610 F.3d 55 (2d Cir. 2010) ......... 5

*Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256 (2d Cir. 1995) ..................... 17

*Tulczynska v. Queens Hosp. Ctr.*,
　2019 U.S. Dist. LEXIS 23751 (S.D.N.Y. Feb. 12, 2019) ………………………………….5

*Wilson v. Kellogg Co.*, 628 F. App'x 59 (2d Cir. 2016) ................................................ 5

**Federal Statutes**

15 U.S.C. § 1692d…………………………………………………………………...7, 9-10

15 U.S.C. § 1692e…………………………………………………………………..7, 10-11

15 U.S.C. § 1692f…………………………………………………………………...7-9, 11-13

15 U.S.C. § 1692g……………………………………………..……………………...2, 8-9

**New York Statutes**

N.Y.C. Admin. Code 27-2004(a)(48)(i),(ii)(d), (d-1) and 27-2005(d)…………………………1, 5

N.Y. Gen. Bus. Law 349…………………………………………………………...1, 5-6, 17-19

Judiciary Law § 487 ....................................................................................... 1, 14-17

**Rules**

Fed R Civ P 8(a) .................................................................................................... 7

Fed R Civ P 9(b) ................................................................................................ 2, 9, 12

Fed R Civ P 12(b) ................................................................................................. 1, 6

## PRELIMINARY STATEMENT

Defendant Slochowsky and Slochowsky, LLP ("Defendant Law Firm"), through its attorneys Winget Spadafora & Schwartzberg LLP, hereby submits this Memorandum of Law in support of its Motion to Dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Plaintiff Tammy Brake alleges purported claims for (1) violation of the Fair Debt Collection Practices Act ("FDCPA") against Defendant Law Firm; (2) violation of the N.Y. Judiciary Law 487 against Defendant Law Firm; (3) violations of the N.Y.C. Admin. Code 27-2004(a)(48)(i),(ii)(d), (d-1) and 27-2005(d) against "Defendant East 22" (i.e., East 22nd Street Towers LLC) and the "Individual Defendants" (i.e., Yossel Lichtman, Sara Lichtman, and Mayer Waldman); and (4) violation of N.Y. Gen. Bus. Law ("GBL") 349 by all Defendants.

## STATEMENT OF RELEVANT FACTS AND ALLEGATIONS

Plaintiff Tammy Brake ("Plaintiff") alleges that she has been a tenant for over thirty (30) years at 596 East 22nd Street, Apt. 4B, Brooklyn, NY 11226. *See* Complaint, ¶ 12. Plaintiff alleges that she is a retired corrections office and currently works as a home health aide. *See* Complaint, ¶ 13. Plaintiff alleges that she "has been active in her building's tenant association for more than nine years, and has advocated openly with her landlord on behalf of her neighbors on issues including physical conditions in the building, rent increases, and relations between tenants and the landlord's agents. In this role, Ms. Brake has interacted in person with the principal owners of East 22 and is well known to them." Complaint, ¶ 14.

### I.     The First Action

On January 11, 2018, Defendant East 22 served a "five-day" notice upon Plaintiff, which must be served prior to filing a Housing Court action. *See* Affidavit of William Slochowsky

("Slochowsky Aff."), Ex. B.  On the same day, Defendant Law Firm served Plaintiff with what is known as a "fair debt" or "validation" notice, requesting that Plaintiff notify Defendant Law Firm within thirty days if she contests the stated debt.  *Id.*, Ex. C.  The fair debt notice is not filed with the Housing Court, nor is it within its jurisdiction.  *Id.*, ¶ 6.  It is served pursuant to 15 U.S.C. § 1692g, as one part of Defendant Law Firm's continuing investigation and effort to verify the debt owed, in addition to information Defendant Law Firm is provided by its clients, such as the rent ledgers provided by Defendant East 22, as referenced in the Complaint.  *See* Complaint, ¶¶ 20-21.

On February 5, 2018, on behalf of Defendant East 22, Defendant Law Firm filed a Petition, commencing the Housing Court action captioned *East 22nd Street Towers, LLC v. Tammy Lee Brake*, Index No. 55135/18 (NYC Civ. Ct., Kings Co., Housing Part) (the "First Action").  *See* Slochowsky Aff., ¶ 5; Ex. B.  On February 15, 2018, Plaintiff filed her Answer within the First Action, in which she countered that she had been the subject of "harassment."  *Id.*, Ex. D.

Plaintiff alleges, albeit falsely, that, at a February 21, 2018 appearance, the rent ledgers showed that Plaintiff had made all payments at issue before the case was commenced.  Complaint, 20.  Nevertheless, since Plaintiff appeared to have brought what she owed in rent current during the First Action, on March 13, 2018, it was discontinued by way of Stipulation.  *See* Slochowsky Aff., Ex. E.

The Stipulation did not say that no rent had been in arrears when either the notices were served upon Plaintiff or the First Action was commenced, nor does it say that Plaintiff was current with the outstanding amounts owed toward her security deposit.  *See* Slochowsky Aff., Ex. E.  If Plaintiff chooses to read the stipulation discontinuing the First Action so broadly, it must also be interpreted as Plaintiff's dismissal of her claims that she had been subject to "harassment" in connection with the facts and circumstances underlying the First Action, as she alleged in her

Answer. *Id.*, Ex. D. Accordingly, the discontinuance should act as a collateral estoppel bar on any of her claims asserted in this Action related to the First Action.

## II.     The Second Action

On June 4, 2018, Defendant East 22 served a "five-day" notice upon Plaintiff, which must be served prior to filing a Housing Court action. *See* Slochowsky Aff., Ex. F. On the same day, Defendant Law Firm served Plaintiff with what is known as a "fair debt" or "validation" notice, requesting that Plaintiff notify Defendant Law Firm within thirty days if she contests the stated debt, as part of its verification of the debt indicated by, in this case, the ledgers provided by Defendant East 22. *Id.*, Ex. G; Complaint, ¶¶ 25, 28-29.

On July 20, 2018, on behalf of Defendant East 22, Defendant Law Firm filed a Petition, commencing the Housing Court action captioned *East 22nd Street Towers, LLC v. Tammy Lee Brake*, Index No. 76107/18 (NYC Civ. Ct., Kings Co., Housing Part) (the "Second Action"). *See* Slochowsky Aff., ¶ 9; Ex. F. On February 15, 2018, Plaintiff filed her Answer within the Second Action. *Id.*, Ex. H. In this instance, however, Plaintiff did not claim that she had been subject to any harassment in connection with the Second Action, which should estop her from claiming in hindsight that there was any such harassment giving rise to any viable claims.

Plaintiff alleges, albeit once again falsely, that the rent ledgers Defendant East 22 had provided to Defendant Law Firm showed that Plaintiff had made all payments at issue before the case was commenced (rather than either after notices had been served or the Second Action had been filed). *See* Complaint, ¶¶ 25, 28-29.

Nevertheless, since Plaintiff appeared to have brought what she owed in rent current during the First Action, on October 3, 2018, it was discontinued by way of Stipulation. *Id.*, Ex. I. The Stipulation did not say that no rent had been in arrears when either the notices were served upon

Plaintiff or the Second Action was commenced, nor does it say that Plaintiff was current with the outstanding amounts owed toward her security deposit. *Id.*

III. **Plaintiff's Allegations**

Plaintiff seeks to allege four causes of action, as stated above, three of which are directed at Defendant Law Firm. *See* Complaint, ¶¶ 37-47; 55-61.

She further seeks injunctive relief for the purported violation of GBL 349, but fails to show the ongoing threat of irreparable harm, or that she ever suffered irreparable harm for which there is no adequate remedy at law. *See* Complaint, p. 16.

As purported compensatory damages, Plaintiff seeks an unspecified amount of monetary damages for her voluntary, unrequired decision to appear at Court, even though she was represented by Counsel, and for suffering some unspecified emotional damages, neither of which are recoverable. *See* Complaint, ¶¶ 43, 47, 61.

For the reasons detailed below, the Complaint and each claim alleged within against Defendant Slochowsky and Slochowsky, LLP must be dismissed with prejudice.

**ARGUMENT**

I. **STANDARD APPLICABLE TO THIS MOTION TO DISMISS**

On a Rule 12(b)(1) motion, this Court must dismiss the Complaint if it determines that it lacks subject matter jurisdiction. In order to withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

Additionally, on a motion to dismiss, the Court may also consider (i) statements or

documents incorporated into the complaint by reference or integral to the complaint; (ii) matters of which judicial notice may be taken; and (iii) documents possessed by, or known to, the plaintiff, and upon which the plaintiff relied in bringing suit. *See*, *e.g.*, *Wilson v. Kellogg Co.*, 628 F. App'x 59, 60 (2d Cir. 2016); *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Another instance in which the introduction of documentary evidence is permitted is when the documentary evidence flatly contradicts the allegations in the complaint. *See Tulczynska v. Queens Hosp. Ctr.*, 2019 U.S. Dist. LEXIS 23751 (S.D.N.Y. Feb. 12, 2019).

"Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss." *Iqbal*, 556 U.S. at 677 (citations omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement…" *Iqbal*, 556 U.S. at 677-78 (internal citations omitted). "[A]llegations must be sufficient to support necessary legal conclusions." *Ruston v. Town Board for the Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (*quoting Iqbal,* 556 U.S. at 678-80).

Plaintiff has failed to meet her burden in pleading her claims. As such, the Complaint should be dismissed in its entirety, with prejudice.


## II.     <u>PLAINTIFF'S DEMAND FOR AN INJUNCTION MUST BE DISMISSED</u>

The Complaint seeks an "order enjoining and directing defendants to cease violating N.Y.C. Admin. Code 27-2005(d)" and "[a]n order enjoining and directing defendants to cease violating N.Y. Gen. Bus. Law 349." Complaint, Demand for Relief, subparagraphs (b) and (f). As to N.Y.C. Admin. Code 27-2005(d), Defendant Law Firm is not alleged to have violated that statute and, as such, it does not apply.

With respect to Plaintiff's request for "[a]n order enjoining and directing defendants to cease violating N.Y. Gen. Bus. Law 349," as discussed below, Defendant Law Firm has not been sufficiently alleged to have engaged in any such violation of GBL 349. Yet, assuming *arguendo* that a violation of GBL 349 had been properly alleged, the law itself is an injunction. Thus, Plaintiff already has the relief it seeks, since Defendant Law Firm is already prohibited from violating it, rendering the demand redundant and without merit.

A permanent injunction requires a showing of "(1) irreparable harm and (2) actual success on the merits." *See Ognibene v. Parkes*, 671 F.3d 174, 182 (2d Cir. 2011). Under the instant allegations, with respect to the requested injunction that Defendant Law Firm be ordered not to violate a law it is already not allowed to violate, a showing of irreparable harm could not exist.

Plaintiff alleges mere monetary harm, in the way of defending against claims that rent is in arrears, which does not constitute "irreparable harm" under binding Supreme Court precedent. *See Amoco Prod. Co. v. Vil. of Gambell*, 480 U.S. 531, 544-545 (1987). She is under no continuing danger from any of the alleged misconduct and this very lawsuit establishes that she has an adequate remedy at law. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

It should further be noted that, although Plaintiff does not demand an injunction based upon any purported violation of the FDCPA, injunctive relief has not been recognized as permissible relief under the FDCPA. *See Hecht v. United Collection Bur., Inc.*, 691 F.3d 218, 223-224 (2d Cir. 2012).

Accordingly, Plaintiff's demand for an injunction against Defendant Law Firm must be dismissed with prejudice.

## III.    <u>PLAINTIFF'S FDCPA CLAIM MUST BE DISMISSED</u>

Plaintiff alleges that Defendant Law Firm violated 15 U.S.C. § 1692d, 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.  Each of such alleged violations are deficient and the claim must be dismissed.

"'Generally, in order for a plaintiff to recover under the FDCPA, a plaintiff must satisfy three threshold requirements: (1) the plaintiff must be a 'consumer,' (2) the defendant must be a 'debt collector,' and (3) the defendant must have committed some act or omission in violation of the FDCPA.'" *Dembitzer v. Weinberg Mediation Group LLC*, 2018 U.S. Dist. LEXIS 132008, at *6-7 (E.D.N.Y. Aug. 3, 2018) (*quoting Scarola Malone & Zubatov LLP v. Verizon Commc'ns, Inc.*, No. 14-CV-4518, 2015 U.S. Dist. LEXIS 82053, 2015 WL 3884211, at *4 (S.D.N.Y. June 24, 2015) (*quoting* 15 U.S.C. § 1692e-f), *aff'd sub nom. Scarola Malone & Zubatov LLP v. McCarthy, Burgess & Wolff*, 638 F. App'x 100 (2d Cir. 2016).

### A.    **Plaintiff Fails to Allege Facts from which the Court May Infer that Any FDCPA Violation Occurred**

Plaintiff does not allege a single date on which she made any payment toward rent or security deposit that are or were in question at the time Defendant Law Firm sent the validation notice or filed the Petition on behalf of its client, Defendant East 22.

The dates and amounts of any payments Plaintiff made to Defendant East 22 would unquestionably be within her possession, leading to the inference that she has stated her allegations in an intentionally vague way, in hopes that she would be permitted to lean on Fed. R. Civ. P. 8(a) pleading standards to a degree not permitted even under notice pleading standards.

The dates and amounts of all relevant transactions, at a minimum, should be required in order to provide appropriate notice of the claim and permit Defendant Law Firm a fair opportunity

to defend itself against allegations that it violated the FDCPA and avoid the reputational damage it is suffering merely by virtue of the fact that this claim is pending.

Thus, Plaintiff fails to state allegations from which the Court could infer whether any debt was incorrectly stated at any particular point in time and the appropriate context, so as to determine whether there has been a violation of the FDCPA.

### B. Defendant Law Firm Sent Validation Notices to Plaintiff, who Failed to Dispute Her Debts within Thirty Days Thereafter

As the Second Circuit held in *DiMatteo v. Sweeney, Gallo, Reich & Bolz , L.L.P*, 619 F. App'x 7, 10 (2d Cir. 2015):

> "[T]he FDCPA prescribes that debt collectors provide a "validation notice" setting forth the consumer's right to dispute the debt within 30 days. If the consumer disputes the debt within that period "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt." *Id*. § 1692g(a), (b). Appellees' collection letter complied with this requirement, affording DiMatteo an opportunity, which he does not allege he took, to halt collection efforts if he disputed the debt. Absent an obligation to elaborate on the reasons the alleged debt arose, appellees' assertion that a debt was owing cannot be considered misleading, even without imputing DiMatteo's knowledge to the least sophisticated consumer. We also reject DiMatteo's contention that filing the Housing Court action constituted the use of an "unfair or unconscionable means" to collect a debt in violation of the FDCPA. 15 U.S.C. § 1692f. As explained, DiMatteo was aware that his rent had not been accepted for fourteen months, and appellees provided DiMatteo with thirty days to dispute the debt before bringing suit. On these facts, we cannot conclude that commencing a summary proceeding was in and of itself unfair or unconscionable."

*Id*.

Defendant Law Firm similarly sent validation notices providing thirty days in which Plaintiff could dispute the debt before it filed suit on behalf of its client. *See* Slochowsky Aff., Exs. C and G. Plaintiff failed to contact Defendant Law Firm to dispute the debts alleged. Accordingly, under the binding precedent set by the Second Circuit in *DiMatteo*, Plaintiff has failed to state a valid claim for relief under any section of the FDCPA.

Similarly, as the Seventh Circuit stated in *Jang v. A.M. Miller & Assoc.*, 122 F.3d 480, 483-484 (7th Cir. 1997), "a debt collector who strictly complies with the provisions of the FDCPA cannot be said to have used unfair or unconscionable means to collect a debt under section 1692f… In Jang's case, Discover Card provided the validation and Jang paid her debt."

As in *Jang*, the fair debt notices sent by Defendant Law Firm strictly complied with the requirements of the FDCPA, specifically 15 U.S.C. § 1692g.  Also as in *Jang*, Plaintiff made payments after receiving the fair debt notices and the commencements of the First and Second Actions, which would be clear had Plaintiff sufficiently pled the relevant facts of each transaction at issue in those Underlying Actions.  As soon as Defendant Law Firm was informed that Plaintiff's outstanding debts were paid to the satisfaction of Defendant Law Firm's client in the course of the First and Second Actions, the Actions were discontinued by way of stipulation with Plaintiff.

Every reasonable inference on the facts alleged and by inspection of the documents referenced in the Complaint, which are properly considered as part of the pleading and are attached as Exhibits to the Slochowsky Aff., militates in favor of a finding that there has been no violation of any provision of the FDCPA.

### C.    Plaintiff Fails to Allege Any "Harassment or Abuse" by Defendant Law Firm Sufficient to State a Claim for Violation of 15 U.S.C. § 1692d

15 U.S.C. § 1692d set forth potential violations of the FDCPA for "harassment or abuse." The facts alleged, no matter how favorably they are considered, fail to state a basis to find that the Defendant Law Firm engaged in any conduct approaching "harassment or abuse."

Plaintiff relies wholly upon conclusory allegations, seeking to twist Defendant Law Firm's attempt to cautiously ensure that a just result had been reached in the First of Second Actions as some malicious attempt to injure Plaintiff.  This is plainly not a reasonable inference that may be drawn in Plaintiff's favor.

The violations which 15 U.S.C. § 1692d is intended to redress are listed as follows:

(1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

(3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 603(f) or 604(3) [604(a)(3)] of this Act [15 USCS § 1681a(f) or 1681b(a)(3)].

(4) The advertisement for sale of any debt to coerce payment of the debt.

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(6) Except as provided in section 804 [15 USCS § 1692b], the placement of telephone calls without meaningful disclosure of the caller's identity.

Defendant Law Firm is not alleged to have engaged in a single one of the above-enumerated violations of 15 U.S.C. § 1692d.

To the contrary, despite the skewed characterizations of Defendant Law Firm's actions in the Complaint, its methodical, cautious and professional conduct draws a stark contrast against the violence, obscenity, harassing phone calls or publication of a debt to unnecessary individuals that are the concern of 15 U.S.C. § 1692d.

Accordingly, to the extent Plaintiff's purported claim for violation of the FDCPA relies upon 15 U.S.C. § 1692d, it must be denied and dismissed with prejudice.

**D.     Plaintiff Fails to Allege "False or Misleading Representations" Sufficient to State a Claim for Violation of 15 U.S.C. § 1692e against Defendant Law Firm**

Plaintiff appears to premise her theory that Defendant Law Firm violated 15 U.S.C. § 1692e entirely upon allegations that it "misrepresented the amount, character, or legal status of a debt," and "threatened to take and actually did take an action prohibited by law for the purposes of coercing plaintiff to pay the alleged debt." Complaint, ¶ 42.

Moreover, the *DiMatteo* case controls and requires dismissal of Plaintiff's claim that 15 U.S.C. § 1692e was violated. As in that case, Defendant Law Firm sent proper validation notices

to Plaintiff, which "simply asserted that the debt was owing." *DiMatteo*, 619 Fed. App'x 7, 10. Defendant Law Firm was not required to "recount the history of [Plaintiff's] rent dispute or to raise defenses that [Plaintiff] might present." *Id.* Defendant Law Firm's validation notices set forth Plaintiff's right to dispute the debt within 30 days and was not obligated to cease collection of the debt unless and until Plaintiff disputed the debt with that period. *See* 15 U.S.C. § 1692g(a); *DiMatteo*, 619 Fed. App'x 7, 10.

Furthermore, as noted above, Plaintiff has not alleged sufficient facts to infer that any misrepresentation occurred, since she has not alleged the specific transactions at issue, the content of the demands, or when exactly she purportedly paid the debts sought in the First or Second Actions.

Nor did Defendant Law Firm take any action prohibited by law. Defendant Law Firm is legally permitted to file a Petition in the Housing Court on behalf of its client, Defendant East 22. Defendant Law Firm did not threaten violence or reputational damage through exposure at her place of work.

Accordingly, Plaintiff cannot state a claim for violation of the FDCPA based upon 15 U.S.C. § 1692e.

### E. Plaintiff Fails to Allege Any "Unfair or Unconscionable Means" by Defendant Law Firm Sufficient to State a Claim for Violation of 15 U.S.C. § 1692f

As with the above analysis of 15 U.S.C. § 1692e, the *DiMatteo* Court also held that the facts, which mirror exactly those at issue concerning Defendant Law Firm, could not state a claim for violation of 15 U.S.C. § 1692f. *See DiMatteo*, 619 Fed. App'x 7, 10 ("We also reject DiMatteo's contention that filing the Housing Court action constituted the use of an 'unfair or unconscionable means' to collect a debt in violation of the FDCPA. 15 U.S.C. § 1692f. As explained, DiMatteo was aware that his rent had not been accepted for fourteen months, and

appellees provided DiMatteo with thirty days to dispute the debt before bringing suit. On these facts, we cannot conclude that commencing a summary proceeding was in and of itself unfair or unconscionable.").

Furthermore, Plaintiff merely alleges, in the most conclusory fashion that Defendant Law Firm "used unfair or unconscionable means." Complaint, ¶¶ 42(i)(E); 42(ii)(E). Allegations such as these, which merely state a legal conclusion, unsupported by any specific factual allegations, are entitled to no deference and are not entitled to a presumption of truth. Plaintiff certainly does not allege that Defendant Law Firm engaged in any of the following acts:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

(3) The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.

(4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

(5) Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--

(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

(B) there is no present intention to take possession of the property; or

(C) the property is exempt by law from such dispossession or disablement.

(7) Communicating with a consumer regarding a debt by post card.

(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. § 1692f.

Accordingly, both under binding Second Circuit precedent and for failure to plead allegations beyond base legal conclusions, Plaintiff has failed to allege any violation of the FDCPA based upon 15 U.S.C. § 1692f. The claim must be dismissed with prejudice.

**F.     The FDCPA Claims Are Precluded by Collateral Estoppel and Res Judicata**

A District Court is precluded from reviewing a claim already determined in a State Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of App. v. Feldman*, 460 U.S. 462 (1982). In this case, Plaintiff's Answers in the First and Section Action, in combination with the Stipulations discontinuing those Actions with prejudice, bar her attempt to revive allegations she abandoned or otherwise failed to raise when required to do so.

In the First Action, Plaintiff alleged harassment in her Answer to the Petition. *See* Slochowsky Aff., Ex. D. However, the Stipulation between the parties discontinuing the First Action with prejudice was not limited so as to preserve her allegation that she had suffered harassment. *Id*., Ex. E.

In the Second Action, Plaintiff's Answer contained no checkmark indicating that she alleged that she had suffered any harassment in connection with that Action. *See* Slochowsky Aff., Ex. H. The Second Action was also discontinued by Stipulation of the parties, with prejudice, which prevents Plaintiff from belatedly attempting to revise her allegations, so as to assert the contrary in this Action. *Id*., Ex. I.

**G.     Plaintiff Has Suffered No Compensatory Damages**

Plaintiff alleges to have incurred damages in the amount of hourly wages she allegedly forewent by appearing in Court. However, Plaintiff was represented by counsel and her personal appearance was not required. Plaintiff was certainly within her rights to attend those appearances,

as she is as to any other public court proceedings, but she cannot rely upon her voluntary, unforced decisions as a means of manufacturing damages.

Furthermore, emotional damages are generally not permitted against purported misdeeds by attorneys in the course of representing their clients. *See Epifano v. Schwartz*, 279 A.D.2d 501, 503 (N.Y. App. Div. 2d Dep't 2001). As such, Plaintiff's vague and unspecified emotional distress does not give rise to recoverable damages in this case.

## IV.     PLAINTIFF'S CLAIM UNDER JUDICIARY LAW 487 MUST BE DISMISSED

In order to establish a claim for violation of Judiciary Law 487 on the basis of deceit, a Plaintiff must establish "intent to deceive the court or [a] party." N.Y. Judiciary Law 487. Such a claim must meet the heightened pleading standard set forth by Fed. R. Civ. P. 9(b). *See Bryant v. Silverman*, 2017 U.S. Dist. LEXIS 31737, *4-5 (S.D.N.Y. Mar. 6, 2017); *Briarpatch Ltd., L.P. v. Frankfurt Garbus Klein & Selz, P.C.*, 13 A.D.3d 296, 297 (1st Dep't 2004), *lv denied*, 4 N.Y.3d 707, 829 N.E.2d 674, 796 N.Y.S.2d 581 (N.Y. 2005) (claim of "violation of Judiciary Law § 487 [was] not pleaded with sufficient particularity").

Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy Rule 9(b) pleading requirements, a plaintiff must identify the "time, place, speaker, and sometimes even the content of the alleged misrepresentation." *Ouaknine v. MacFarlane*, 897 F.2d 75, 79 (2d Cir. 1990); *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 99 (2d. Cir. 2007). Further, scienter cannot be sufficiently pled by reliance upon group pleading. Nor can scienter be sufficiently pled upon "information and belief," without setting forth the "facts that give rise to their information and belief." *Jacquemyns*

*v. Spartan Mullen et cie*, 2011 U.S. Dist. LEXIS 10963, at *3 (S.D.N.Y. Feb. 1, 2011).

However, Plaintiff has not alleged specific facts inferring that Defendant Law Firm intended to deceive the court or any party. Plaintiff's allegations, at best, could infer that Defendant Law Firm acted upon mistaken information provided by its client. Additionally, as discussed above, Plaintiff fails to plead when any rents or payments toward her security deposit were initially due, when she paid them, what amounts were due, what amounts were paid, or any other specific facts concerning the transactions that would permit an inferenced that the First or Second Actions were fraudulent.

Plaintiff does not even allege that she was deceived by any of the alleged misstatements concerning the amount she owed to Defendant East 22. Plaintiff would obviously have bank records that could establish whether she had met her rental obligations. As Plaintiff alleges, she "has been active in her building's tenant association for more than nine years, and has advocated openly with her landlord on behalf of her neighbors on [various] issues." Complaint, ¶ 14. While most tenants could prove whether or not they had paid their rent, Plaintiff was certainly far too sophisticated in such matters to be deceived.

Nor does Plaintiff adequately plead scienter, since there is no allegation or reason to believe that Defendant Law Firm had access to Plaintiff's or Defendant East 22's bank accounts. Defendant Law Firm was entitled to reasonably rely upon the information provided by its client. When Defendant Law Firm was informed that there was no further apparent dispute between Plaintiff and Defendant East 22, Defendant Law Firm stipulated with Plaintiff's attorney to discontinue the First and Second Actions with prejudice. Defendant Law Firm did not stand to benefit even if Defendant East 22 collected any moneys that were not actually due from Plaintiff.

Defendant Law Firm would not receive a "cut" of any such payments. Regardless, Plaintiff has not alleged that any payments she did not owe were ever paid to Defendant East 22.

Furthermore, to the extent the acts complained of did not occur in the context of a pending lawsuit, i.e., the validation letters (Exhibits C and G to the Slochowsky Aff.), they cannot support a claim for violation of Judiciary Law 487. *See Mahler v. Campagna*, 60 A.D.3d 1009 (N.Y. App. Div. 2d Dep't 2009).

Lastly, Plaintiff also fails to allege legally compensable damages. "Since Judiciary Law § 487 authorizes an award of damages only to 'the party injured,' an injury to the plaintiff resulting from the alleged deceitful conduct of the defendant attorney is an essential element of a cause of action based on a violation of that statute." *Rozen v. Russ & Russ, P.C.,* 76 A.D.3d 965, 968 (2d Dep't 2010).

While Plaintiff alleges a loss of work income and travel costs to Housing Court, she was represented by counsel and did not need to appear at routine Court dates. To the extent she actually did so, any such costs were incurred on an entirely voluntary basis and Defendant Law Firm cannot be held liable for them. *See Kaiser v. Van Houten*, 12 A.D.3d 1012, 1014-1015 (N.Y. App. Div. 3d Dep't 2004). Defendant Law Firm is further aware of no authority permitting recovery of emotional damages on the basis of Judiciary Law 487. As a general matter, emotional damages are not recoverable against lawyers for alleged misconduct in the course of a representation. *Id.*

Since Plaintiff has failed to allege a sufficient basis to raise an inference of fraudulent scienter or compensable damages against Defendant Law Firm, this claim must also be dismissed with prejudice. *See Briarpatch Ltd., L.P. v. Frankfurt Garbus Klein & Selz, P.C.*, 13 A.D.3d 296, 297 (1st Dep't 2004), *lv denied*, 4 N.Y.3d 707 (N.Y. 2005) (claim of "violation of Judiciary Law § 487 [was] not pleaded with sufficient particularity").

## V.       PLAINTIFF'S CLAIM UNDER GBL 349 MUST BE DISMISSED

Plaintiff's claim for a purported violation of GBL 349 must be dismissed because she alleges wrongdoing merely in the context of one private dispute, rather than any specific allegations indicating a danger to the general consumer public. *See Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330, 343 (N.Y. 1999).  Plaintiff further fails to allege that she was, in fact, misled by any purported violation of GBL 349 on the part of Defendant Law Firm.

A private action under GBL 349 requires a showing (1) that the defendant's conduct or practice was misleading in a material respect, (2) that it was consumer-oriented, and (3) that the plaintiff was injured thereby. *Lautman v. 2800 Coyle St. Owners Corp.*, 2014 U.S. Dist. LEXIS 72703, *26-27 (E.D.N.Y. May 23, 2014) (citing, e.g., *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000).

 Private transactions "not of a recurring nature" or "without ramifications for the general public" do not fall within the purview of § 349. *Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625, 636 (S.D.N.Y. 2008). "Whether a plaintiff can bring a § 349 claim will depend on 'whether the matter affects the public interest in New York.'" *Id.* (*quoting Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995)). The "gravamen of the complaint" must be harm to the public interest. *Securitron Magnalock Corp.*, 65 F.3d at 264.

Moreover, "a Section 349 violation requires a defendant to mislead the plaintiff in some material way." *Mascoll v. Strumpf*, 2006 U.S. Dist. LEXIS 69061, 2006 WL 2795175, at *9 (E.D.N.Y. Sept. 26, 2006) (*quoting Conboy v. AT&T Corp.*, 241 F.3d 242, 258 (2d Cir. 2001)).

In this case, Plaintiff fails to allege anything more than two particular, unique disputes in Housing Court (i.e., the First and Section Actions).  The Complaint is devoid of factual, as opposed to conclusory, entirely (and absolutely unfair) speculation that Defendant Law Firm is

unconstrained by the ethical rules and legal standards imposed by common law upon it. Plaintiff unlawfully wishes to extrapolate her grievances harbored against Defendant Law Firm ever since the First and Second Actions were filed into a theory that Defendant Law Firm must be a danger to the general consumer public and State of New York.

More specifically, Plaintiff puts forth the theory that, simply because Defendant Law Firm represents landlords in landlord-tenant actions, the Court may draw a reasonable inference that it seeks to harm tenants outside the bounds of the law. Plaintiff's theory must be rejected. Indeed, Plaintiff does not allege facts indicating that its outlandish accusations against Defendant Law Firm are, at all, true. Plaintiff merely alleges that it could hypothetically be true because Defendant Law Firm represents landlords, like Defendant East 22, in a lot of cases.

Plaintiff's meritless theory, if accepted, would permit a GBL 349 claim in virtually any case in which a defendant law firm had a specialized area of practice. Plaintiff would, thus, expand the bounds of GBL 349 to an unprecedented and radical extent, in complete disregard of the N.Y. Court of Appeals' warning that the Courts must remain "mindful of the potential for a tidal wave of litigation against businesses that was not intended by the Legislature." *Oswego Laborers' Local 214 Pension Fund v. Mar. Midland Bank, N.A.*, 85 N.Y.2d 20, 26 (1995); *see also City of NY v. Smokes-Spirits.Com, Inc.*, 12 N.Y.3d 616, 623 (2009) ("If a plaintiff could avoid the derivative injury bar by merely alleging that its suit would somehow benefit the public, then the very 'tidal wave of litigation' that we have guarded against since *Oswego* would loom ominously on the horizon.").

In the absence of any specific factual, non-speculative or conclusory allegations to the contrary, that Defendant Law Firm endeavors to meet its ethical obligations in its practice. Any other inference on the record presented would be grossly unjust and unfair to Defendant Law Firm.

Since there are no factual allegations, as opposed to conclusory conspiracy theories, underpinning this claim, Plaintiff's allegations are not accorded a presumption of truth and the claim cannot survive. *See Raytman v Jeffrey G. Lerman, P.C.*, 2018 U.S. Dist. LEXIS 180075, at *18 (S.D.N.Y. Oct. 19, 2018).

Lastly, as with the Judiciary Law 487 claim, Plaintiff does not allege that she was actually misled or deceived by any of the acts complained of herein against Defendant Law Firm. By her telling, she was convinced that the First and Second Actions had no merit from the start. Of course, as noted, Plaintiff does not allege the basic details of the transactions at issue in the First and Second Actions such that the Court could properly examine her highly misleading characterizations as to what debts she owed to Defendant East 22 or when she allegedly paid them in full, if ever.

Accordingly, Plaintiff's claim for purported violation of GBL 349 must be dismissed with prejudice.

## **CONCLUSION**

For the foregoing reasons, Defendant Slochowsky and Slochowsky LLP respectfully request that this Motion to Dismiss be granted in full and the Complaint be dismissed with prejudice, together with such other and further relief as the Court deems equitable, just and proper.

Dated:  April 12, 2019          WINGET, SPADAFORA
        New York, New York            & SCHWARTZBERG, LLP
                                      */s/ Anthony D. Green*
                                      Anthony D. Green, Esq.
                                      45 Broadway, 32nd Floor
                                      New York, NY 10006
                                      Tel:  (212) 221-6900
                                      Fax:  (212) 221-6989
                                      green.a@wssllp.com
                                      *Attorneys for Defendant*
                                      *Slochowsky and Slochowsky, LLP*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served electronically on April 12, 2019

by way of e-mail to all counsel of record.


Dated:   April 12, 2019
         New York, New York                    */s/ Anthony D. Green*
                                               Anthony D. Green