# TAKEROOT JUSTICE

May 26, 2021

Magistrate Judge Peggy Kuo
United States District Court,
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: <u>Brake v. Slochowsky & Slochowsky LLP, et al.</u> 1:19-cv-00280-ENV-PK

Dear Magistrate Judge Kuo:

    Counsel for Plaintiff submits this letter in response to the letter submitted by counsel for Landlord-Defendants on May 24, 2021 requesting an enlargement of discovery deadlines.

## The Plaintiff Does Not Object to an Extension of the Discovery Deadlines

    In the last paragraph of his letter, Defendants' counsel states that Plaintiff has refused to consent to an extension of the discovery deadline. This is not Plaintiff's position, and Defendants' counsel's statement is a mischaracterization of the May 21, 2021 meet and confer call between the parties. During that call, I asked Defendants' counsel when he would provide responses to discovery, which were more than a month overdue. Defendants' counsel replied that he was not sure, suggested that he might "aim for" May 28, 2021, but might take longer. I then asked Defendants' counsel to submit a letter to the Court proposing an extension of the discovery deadlines. Defendants' counsel refused to commit to any next steps, saying only that he would consider his options. I made the point that Plaintiff was prejudiced by Defendants' refusal to give deadlines for responses while also not agreeing to extend the deadline for completion of discovery, because this would allow no time for Plaintiff to take depositions or serve additional discovery requests.

    Contrary to the statement in Defendants' counsel's letter, I did not object to the extension of the discovery deadline; in fact, I suggested it. When we conferred on May 21, Defendants' counsel refused to commit to any further next steps, and then proceeded to file his May 24 letter without further consultation with me. I did not see the proposed new deadlines before they were filed with the Court.

    Had Defendants' counsel shared the proposed extensions with me, I would have consented to extension, but I would have proposed the following further changes, to make certain all discovery could be completed without prejudicing Plaintiff.

- Plaintiff has no objection to Defendants being allowed to serve their document demands or deeming the document demands served on May 24, 2021 timely.



- Plaintiff has no objection to Defendants serving their discovery responses on June 1, 2021.
- Plaintiff requests an extension of the close of discovery to August 18, 2021 (rather than July 18, as proposed by Defendants), to allow Plaintiff adequate time to conduct depositions, serve discovery on the newly disclosed third parties, and to deal with any issues with Defendants' responses.
- Plaintiff requests an extension of Plaintiff's deadline to add additional parties, to September 19, 2021. Because Defendants did not serve their Rule 26(a)(1) initial disclosures until May 24 (simultaneously with the letter), Plaintiff was delayed in learning of the existence of these additional parties, specifically, Chanie Waldman and the management company referenced by Defendants' counsel and described as "a completely separate management company responsible for handling rent payments and communicating with Slochowsky & Slochowsky with respect to initiating Housing Court actions during the relevant time period." Plaintiff asks that Defendants consent to the amendment of the complaint to name these parties.
- A deadline of June 8, 2021 for Defendants' counsel to provide Plaintiff's counsel with deposition dates for each Defendant and any Rule 30(b)6 witness.

**Discovery Up to this Point and Plaintiff's Attempts to Resolve Discovery Disputes**

Defendants' counsel has consistently ignored efforts by Plaintiff's counsel to discuss and resolve discovery issues and failed to meet any of the requirements of the scheduling order. For example, Defendants' Rule 26 initial disclosures were due on March 19, 2021. Defendants did not serve their Rule 26 initial disclosures until after 6 PM on May 24. Defendants' discovery requests were due on March 12, 2021. Defendants served their discovery requests after 6 PM on May 24. Defendants' responses to Plaintiff's document requests and interrogatories were due on April 11, 2021. Defendants have not responded to Plaintiff's requests and interrogatories to date and have not responded to requests for deposition dates.

Plaintiff has repeated tried to engage Defendants and move the discovery process along. Between March 19 and May 21, I emailed Mr. Medinets more than 10 times and left several voice messages for him asking to confer about Defendants' missed discovery deadlines. Mr. Medinets did not respond to those communications until May 21.

In sum, Defendants have not met any of the deadlines in the scheduling order and have been unresponsive when Plaintiff has tried to communicate with them. As of this writing, Plaintiff still has not received Defendants' discovery responses and is unable to prepare for depositions. In light of this, and the potential that Defendants' responses may bring to light issues that require additional discovery, Plaintiff requests that the discovery schedule be amended as follows in order to ensure all discovery can be completed.

Yours truly,

/S/ Michael Grinthal
Supervising Attorney
TakeRoot Justice, Inc.
123 William St. 16th fl
New York, NY 10038
(646) 459-3039
mgrinthal@takerootjustice.org

