UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
TAMMY BRAKE,                                              :    1:19-cv-00280-ENV
                                                          :
                  Plaintiff,                      :    **MEMORANDUM OF LAW IN**
                                                          :    **SUPPORT OF DEFENDANTS**
    -against-                                            :    **EAST 22ND STREET TOWERS**
                                                          :    **LLC, YOSSEL LICHTMAN,**
SLOCHOWSKY AND SLOCHOWSKY, LLP,                           :    **SARA LICHTMAN, AND**
EAST 22ND STREET TOWERS LLC, YOSSEL                       :    **MAYER WALDMAN'S MOTION**
LICHTMAN, SARA LICHTMAN, and MAYER                        :    **TO DISMISS AND IN**
WALDMAN,                                                  :    **OPPOSITION TO PLAINTIFF'S**
                                                          :    **MOTION TO AMEND**
                  Defendants.                    :
------------------------------------------------------------- X

        Defendants East 22nd Street Towers LLC ("East 22"), Yossel Lichtman, Sara Lichtman, and Mayer Waldman (collectively, "Defendants"), through their counsel Gutman Weiss, P.C., submit this Memorandum of Law in support of their Cross-Motion for the Court to decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367(c)(3) and to dismiss this action and in opposition to Plaintiff's Motion for leave to amend.

        As grounds for their Cross-Motion, Defendants state that good cause exists for granting Defendant's Cross-Motion, including the fact that all claims arising under federal law have been dismissed.

## STATEMENT OF FACTS

        Plaintiff is a tenant of 596 East 22nd Street, Brooklyn, New York (the "Property"). Comp. ¶4. Defendant East 22 is the owner of the Property, and the Lichtman Defendants are officers and agents of East 22. Comp. ¶¶8, 9, 11. Defendant Waldman is the registered managing agent of the Property. Comp. ¶10.

        The Complaint alleges that Defendants sent Plaintiff false and misleading rent demands, and filed repeated false and misleading petitions in housing court nonpayment of rent with the

1

intent to harass Plaintiff. Comp. ¶1. The Complaint asserts four causes of action. The first two causes of action are asserted against East 22's attorneys, Slochowsky and Slochowsky LLP, for violation of the Fair Debt Collection Practices Act and N.Y. Judiciary Law §487. Comp. ¶¶37–47. The third claim is against East 22 and the individual Defendants for violation of N.Y.C. Admin. Code §§27-2004(48) and 27-2005(d). Comp. ¶¶48–54. The fourth cause of action is against all Defendants for violation of NY General Business Law §349. Comp. ¶¶55–61. By Memorandum and Order dated November 22, 2020, the Court dismissed Plaintiff's Judiciary Law claim and General Business Law claim.

On July 14, 2021, the parties to this action signed a Stipulation of Dismissal, dismissing Plaintiff's claims against Defendant Slochowsky. Medinets Decl. ¶4. The Stipulation of Dismissal was 'so ordered' by the Court on July 28, 2021. A copy of the Stipulation is attached as Exhibit A. As a result, the only remaining claim in this case is Plaintiff's third cause of action pursuant to N.Y.C. Admin. Code.

As to the overall status of this case, discovery and document production have been partially completed and no depositions have been conducted at this point. In particular, both Plaintiff and Defendants have not yet fully exchange relevant banking documents and Plaintiff currently has an outstanding subpoena for records from her bank.   Medinets Decl. ¶3.

On July 22, 2021, Plaintiff moved to amend her complaint and attached a Proposed Amended Complaint ("PAC") as Exhibit A to her Motion. Plaintiff does not seek to add any claims to this action, but only to add additional parties to the N.Y.C. Admin. Code claim. The parties Plaintiff seeks to add are The Edge Realty Group LLC ("The Edge") and Chanie Waldman. The PAC alleges that The Edge is the manager of the Property in charge of collecting rent and of

2

running day-to-day activities at the Property, and that Chanie Waldman is an employee of The Edge. PAC ¶¶9–10.

Defendants now cross-move and request that the Court decline to continue to exercise supplemental jurisdiction over the sole remaining claim in this action. The remaining claim arises under state law and there are no remaining federal law claims. The Court should therefore dismiss this action and decline to retain supplemental jurisdiction over the N.Y.C. Admin. Code claim. Defendants also oppose Plaintiff's Motion because the PAC is futile in that the proposed new defendants are not liable for Plaintiff's claim.

## ARGUMENT

**I. THE COURT SHOULD DECLINE TO CONTINUE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING CLAIM BECAUSE THE CLAIMS ARISING UNDER FEDERAL LAW HAVE BEEN DISMISSED**

The Court should dismiss this action and decline to continue to exercise supplemental jurisdiction over Plaintiff's remaining state law claim because Plaintiff's federal claims have been dismissed.

Pursuant to 28 U.S.C. §1367(c), a "district court[] may decline to exercise supplemental jurisdiction over a [qualifying state law claim] if…(3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367(c)(3). Thus, in a case where all claims arising under federal law are dismissed, "the district court may then undertake the discretionary inquiry of whether to exercise supplemental jurisdiction." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018). "Four factors bear on whether it is appropriate to exercise supplemental jurisdiction: 'judicial economy, convenience, fairness, and comity.'" *Stidhum v. 161-10 Hillside Auto Ave, LLC*, 2021 U.S. Dist. LEXIS 119043, at *12-13 (E.D.N.Y. June 25, 2021). "[N]eedless decisions of state law should be avoided both as a matter of comity and to promote

3

justice between the parties." *Arthur Glick Truck Sales, Inc. v. H.O. Penn Mach. Co.*, 332 F. Supp. 2d 584, 586 (S.D.N.Y. 2004) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)).

"Although this discretionary analysis should meaningfully take into account [the above referenced factors], 'in the usual case in which all federal-law claims are eliminated before trial, the balance of [these] factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Ragland v. Coulter*, 2021 U.S. Dist. LEXIS 120672, at *22 (E.D.N.Y. June 25, 2021) (quoting *Valencia v. Sung M. Lee*, 316 F.3d 299, 305 (2d Cir. 2003)); *Brzak v. UN*, 597 F.3d 107, 113-14 (2d Cir. 2010) ("if a plaintiff's federal claims are dismissed before trial, 'the state claims should be dismissed as well'"). Thus, where all federal law claims have been dismissed, "the default rule is that federal courts should not decide related state-law claims unless there is good reason for doing so." *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 404 (2d Cir. 2017).

For example, in *Valencia v. Sung M. Lee*, 316 F.3d 299 (2d Cir. 2003), the Second Circuit held that the district court abused its discretion in continuing to exercise supplemental jurisdiction over state law claims after the plaintiff abandoned its federal law claims. *Id.* at 306. The court explained that "[a]lthough most of the anticipated pretrial discovery had been completed, [the abandonment of the federal law claims occurred at] a relatively early stage of the case." *Id.*

Here, all of Plaintiff's claims arising under federal law have been dismissed. The only claim under federal law was Plaintiff's cause of action against Slochowsky under the FDCPA. That claim was dismissed by the 'so ordered' Stipulation. Exhibit A. Thus, the only remaining claim, is Plaintiff's cause of action under N.Y.C. Admin. Code. As a result, pursuant to §1367(c)(3) and Second Circuit case law, the Court must decline to continue to exercise supplemental jurisdiction over the state law claim. No motions for summary judgment have been filed in this

4

case and this case is not ready for trial. Document production has not been completed, and depositions have not even started. At this stage of the case, the Court is required to dismiss the state law claim upon dismissal of the federal law claims. *Valencia v. Sung M. Lee*, 316 F.3d 299 (2d Cir. 2003). The interest of judicial economy, convenience, fairness, and comity strongly point to dismissing this case in favor of having this state law claim adjudicated in a state law tribunal.

Moreover, Plaintiff is now seeking to add additional parties to its N.Y.C. Admin. Code claim. As to these new parties, the case against them has not yet even commenced. And the claim against these new parties has not and will never involve any federal law claims. It is unfair to them to be hailed into federal court for an alleged violation of a state law claim in a case with no federal law claims. Thus, in light of Plaintiff's proposed amendment, the Court should dismiss the state law claim for resolution in state court.

Since the federal law claim was dismissed and the only remaining claim is a state law claim, and since this case is not yet ready for trial, the Court should dismiss this action and decline to continue to exercise supplemental jurisdiction over the state law claim.

**II. THE COURT SHOULD DENY PLAINTIFF'S MOTION TO AMEND BECAUSE THE AMENDMENT IS FUTILE SINCE THE PROPOSED AMENDED COMPLAINT DOES NOT STATE THAT THE NEW PARTIES WERE IN COMPLETE AND EXCLUSIVE CONTROL OF THE PROPERTY**

The Court should deny Plaintiff's motion for leave to amend its Complaint, because the PAC is futile. The PAC seeks to impose liability for the N.Y.C. Admin. Code §27-2005(d) violation on two additional parties: the management company in charge of collecting Plaintiff's rent and its employee. However, liability under §27-2005(d) can only be imposed upon an 'owner' of a property, as defined in the statute, and property managers are only included if they are in 'complete and exclusive' control over the property. The PAC does not allege that the proposed

5

new defendants were in complete and exclusive control over the property. The PAC therefore fails to state a cause of action is thus futile. Leave to amend should therefore be denied.

"Leave to amend should be freely given 'when justice so requires.'" *Jaigua v. Kayafas Contracting Co.*, 2019 U.S. Dist. LEXIS 38685, at *4 (E.D.N.Y. Mar. 11, 2019) (quoting Fed. R. Civ. P. 15(a)(2)). However, "[l]eave should…be denied where the proposed amendments would prove 'futile' in that, as a matter of law, they 'would fail…to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.' *Id.* (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)). "Thus, the standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." *Id.* (quoting *IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scot. Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015)).

Liability for tenant harassment under N.Y.C. Admin. Code §27-2005(d) attaches only to the "owner" of a property, pursuant to the statute's express terms. The word "owner" is defined in §27-2004(a)(45) to include any "agent, or any other person, firm or corporation, directly or indirectly in control" of the property.

The broad language §27-2004(a)(45) aside however, the settled rule is that an ordinary property manager is not an "owner" as that term is defined in §27-2004(a)(45) unless the property manager is "in complete and exclusive control of the management and operation of the building." *Ioannidou v. Kingswood Mgmt. Corp.*, 610 N.Y.S.2d 277, 278 (2nd Dept. 1994).

Here, the PAC does not allege that the proposed new defendants were in complete and exclusive control over the property. The PAC only alleges that The Edge was the property manager of the property in charge of rent collection and day-to-day activities at the property, and that Chanie Waldman was an employee of The Edge. Comp. ¶¶9–10. Absent an allegation of complete and

6

exclusive control, the proposed new defendants cannot be held liable for violation of §27-2005(d), and the PAC therefore fails to state a claim against them. The PAC is therefore futile and leave to amend must be denied.

Contrary to Plaintiff's arguments, the cases cited by Plaintiff do not stand for the proposition that any manager of a property is considered an 'owner' for purposes of §27-2005(d) violations, simply for collecting the property's rent. The only conclusion supported by those cases is that a Registered Managing Agent, registered with the HPD pursuant to N.Y.C. Admin. Code §27-2098(a)(3), is deemed an 'owner' under §27-2004(a)(45). As the court explained in *Dep't of Hous. Pres. & Dev. v. 849 St. Nicholas Equities*, 532 N.Y.S.2d 674 (Civ. Ct. 1988), cited by Plaintiff, "[i]n light of the statutory degree of control" a *Registered* Managing Agent is statutorily required to have over the property, and due to the fact that the agent must "consent to the registration," "[a Registered Managing Agent] is, by operation of law, an 'owner.'" *Id.* at 680. Not merely because the Registered Managing Agent is an agent and has *some* control over the property, but because the Registered Managing Agent is statutorily required to be "in control of and responsible for the maintenance and operation of" the property. *Id.* (citing Admin. Code §27-2098(a)(3). Being a property manager of a property does not automatically deem the manager an 'owner' for §27-2005(d) purposes.

Similarly, the other cases cited by Plaintiff all imposed liability on Registered Managing Agents and not mere property managers. *Dep't of Hous. Pres. & Dev. v. 2515 LLC*, 800 N.Y.S.2d 345 (Civ. Ct. 2015) ("A registered managing agent is therefore an 'owner'"); *Robinson v. Taube*, 114 N.Y.S.3d 824 (Civ. Ct. 2019) ("The purpose of this language is to impose liability on any entity or person with some say in the operation of a building…such as an officer of a corporate landlord…or a registered managing agent"); *Dep't of Hous. Pres. & Dev. v. Livingston*, 652

7


N.Y.S.2d 196, 196 (App. Term 1996) ("It is clear that the person registered as the managing agent is an 'owner'"). None of the cases cited by Plaintiff held that a mere property manager is deemed an owner for purposes of §2005(d).

And indeed, here, the Registered Managing Agent of the Property is Mayer Waldman, who is already a Defendant to this case. The Edge and Chanie Waldman are therefore not proper parties in this action.

Plaintiff further argues that The Edge and Chanie Waldman must be added as named defendants to this case because they "are the only parties that could have committed the conduct alleged in the complaint." Be that as it may, the fact that they committed the alleged harassment does not make them liable for the harassment. Section 27-2005(d) does not impose liability on *anyone* who harasses a tenant, but only on an "owner" that does so. Although an owner will surely be liable for harassing a tenant through third parties, §72-2004(a)(48) (defining harassment as "any act or omission by or *on behalf of* an owner"), those third parties that commit the harassment are not liable under §27-2005(d), which expressly limits itself to an 'owner.' The proposed new defendants therefore cannot be liable to Plaintiff for violation of §27-2005(d).

Since the PAC fails to state a claim for liability against The Edge and Chanie Waldman, the PAC is futile, and the Court must deny Plaintiff leave to amend its Complaint.

## **CONCLUSION**

For the reasons stated above, the Court should deny Plaintiff's Motion for leave to file its PAC, and grant Defendants' Cross-Motion to decline to continue to exercise supplemental jurisdiction and to dismiss this action.

Dated: Brooklyn, New York
      August 12, 2021

                              GUTMAN WEISS, P.C.
                              *Attorneys for Defendants East 22nd Street Towers LLC, Yossel Lichtman, Sara Lichtman, and Mayer Waldman*

                              _____
                              By: Dov Medinets, Esq.
                              2276 Sixty-Fifth Street
                              Brooklyn, New York 11204
                              718-259-2100