UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
TAMMY BRAKE                                    CASE NO. 19-CV-280

      Plaintiff,

v.                                             **MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, AND REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND**

SLOCHOWSKY AND SLOCHOWSKY, LLP,
EAST 22ND STREET TOWERS LLC
YOSSEL LICHTMAN
SARA LICHTMAN
MAYER WALDMAN

      Defendants.
------------------------------------------------------------------------x

## TABLE OF CONTENTS

I.    The court should continue to exercise pendent jurisdiction because of the advanced stage of the litigation, the court's familiarity with the issues of the case, and because defendants' motion to dismiss is a delaying tactic exploiting months of their own missed deadlines and foot-dragging ………………………………………………………....… 2

II.    The Court should permit amendment of the complaint because proposed new defendants meet the statutory definition of "owners" …………………………………..……… 4

## TABLE OF AUTHORITIES

**Cases**

*Department of Housing Preservation and Development of City of New York v. 2515 LLC*, 6 Misc.3d 1039(A) (Civ. Ct. NY Co. 2005) …………………………………………….. 5

*Ellouzi v. Sherman*, 63 Misc. 3d 1216(A) (Civ. Ct. NY Co. 2019) ………………………....… 6

*Enercomp, Inc. v. McCorhill Pub., Inc.* 873 F.2d 536 (2d Cir. 1989) ………………………….. 2

*Kavit v. A.L. Stamm & Co.*, 491 F.2d 1176 (2d Cir. 1974) …………………………....…… 2, 3

*Ioannidou v. Kingswood Mgmt. Corp.*, 610 N.Y.S.2d 277, 278 (2nd Dept. 1994) …………..... 4-5

*Jackson v. The Dunbar, LLC*, 2012 WL 760499, 2012 N.Y. Slip Op. 30493(U) (Sup. Ct. NY Co. 2012) ……………………………………………………………………….….... 6

*Philan Ins. Ltd. V. Frank B. Hall & Co., Inc.*, 786 F.Supp. 345, 347 (S.D.N.Y. 1992) ……….... 2

*Steven Robinson v. Milton Taube and 110 Realty Equities LLC*, 2019 WL 1998128 (Civ. Ct. NY Co. 2019) ………………………………………………………………………… 6

**Statutes**

NYC Administrative Code 27-2004(a)(45) …………………………………………….... 4, 5, 6

**ARGUMENT**

I. **THE COURT SHOULD CONTINUE TO EXERCISE PENDENT JURISDICTION BECAUSE OF THE ADVANCED STAGE OF THE LITIGATION, THE COURT'S FAMILIARITY WITH THE ISSUES OF THE CASE, AND BECAUSE DEFENDANTS' MOTION TO DISMISS IS A DELAYING TACTIC EXPLOITING MONTHS OF THEIR OWN MISSED DEADLINES AND FOOT-DRAGGING**

"Even if the Court lacks an independent basis of jurisdiction over [remaining] state claims, it may exercise pendent jurisdiction over those claims if substantial resources have already been expended in the action." *Philan Ins. Ltd. V. Frank B. Hall & Co., Inc.*, 786 F.Supp. 345, 347 (S.D.N.Y. 1992).

> Factors weighing in favor of exercising pendent jurisdiction include lengthy pretrial litigation, numerous orders and memoranda already issued by the court, filing of a dispositive motion at a late stage of litigation, the district court judge's familiarity with the case, and delay to defendants in obtaining trial in state court.

786 F. Supp. 345 at 347.

"We note that, even when federal claims are resolved before trial, comity does not automatically mandate dismissal of pendent state claims." *Enercomp, Inc. v. McCorhill Pub., Inc.* 873 F.2d 536 (2d Cir. 1989); *see also Kavit v. A.L. Stamm & Co.*, 491 F.2d 1176 (2d Cir. 1974).

For example, in *Enercomp,* the Second Circuit held that it would have "stood judicial economy on its head" not to retain pendent jurisdiction after all federal claims were dismissed, when "the case had involved over eleven months of often heated pretrial litigation [and] the district court had already issued numerous memoranda and orders." 873 F.2d at 546. The Second Circuit noted that "it would have been a pointless waste of judicial resources to require a state court to invest the time and effort necessary to familiarize itself with a case well-known to the presiding federal judge." *Id.*

Likewise, in *Kavit v. A.L. Stamm & Co.*, 491 F.2d 1176, 1183 (2d Cir. 1974), the Second Circuit held that a district court was correct to retain pendent jurisdiction over even a "simple $3000 negligence claim" where "the parties and the court had both invested a significant amount of time in it."

Here, the Court has become intricately familiar with the factual and legal issues of the case, as well as with the parties' interests and settlement positions, through 33 months of litigation, including two motions to dismiss, four discovery orders, and three intensive settlement conferences. Discovery has been underway since March 2021. Depositions are scheduled for December 21 and 22, 2021, and will have occurred by the time this motion is fully submitted. To restart litigation in state court would set the parties back by a year or more.

Indeed, delay is likely Defendants' purpose in seeking dismissal. Defendants have dragged their feet at every stage of discovery. Defendants' Rule 26 initial disclosures were due on March 19, 2021; Defendants served them on May 24. Defendants' discovery requests were required to be served on Plaintiff by March 12, 2021; Defendants served them on May 24. Defendants' responses to Plaintiff's document requests were due on April 11, 2021; Defendants did not respond until June 8. Defendants' responses to Plaintiff's interrogatories were due on April 11, 2021; Defendant Yossel Lichtman served his response on June 8, while the other Defendants still have not responded to interrogatories. Defendants' delay necessitated Plaintiff's filing of a motion to compel on November 24, 2021, that remains pending. That discovery remains open today is due solely to Defendants' persistent refusal to comply with any deadline set by stipulation or the Court. Defendants should not now be able to use their own intransigence and delay as a basis for dismissal and further delay.

The Court has invested significant attention and effort setting and re-setting discovery deadlines to accommodate Defendants' repeated failure to comply. It is unsurprising that, having nearly exhausted their delaying tactics in this Court, Defendants now seek to restart the discovery process in front of a court unfamiliar with their conduct to date.

II. **THE COURT SHOULD PERMIT AMENDMENT OF THE COMPLAINT BECAUSE THE PROPOSED NEW DEFENDANTS MEET THE STATUTORY DEFINITION OF "OWNERS"**

Defendants assert that a party must be "in complete and exclusive control of the management and operation of the building" to be an "owner" for the purposes of a harassment claim under the *NYC Administrative Code 27-2004(a)(45)*. This is incorrect, and the case cited by Defendants does not stand for that proposition.

The statutory language of the tenant harassment law expressly allows harassment claims against parties "directly *or indirectly* in control of a dwelling." *NYC Administrative Code 27-2004(a)(45)* (emphasis added). Since a party that is only "indirectly in control of a dwelling" is necessarily not in "complete and exclusive control" of it, the statute expressly allows harassment claims to stand against parties that are not in "complete and exclusive control" of a dwelling. Indeed, none of the current Defendants could be described as being in "exclusive control" of the building, since there are four of them; yet this Court has already held in the November 22, 2020 Order that they are all "owners" under *Administrative Code 27-2004(a)(45)*. Defendants ask the Court to apply a different, and erroneous, definition of the term "owner" from the one already applied by the Court in this case.

*Ioannidou v. Kingswood Mgmt. Corp.*, 610 N.Y.S.2d 277, 278 (2nd Dept. 1994), the sole case cited by Defendants in support of their proposed "complete and exclusive control" standard, is inapposite. It was a slip-and-fall personal injury case decided fourteen years before enactment

4

of the tenant harassment law. Citing to a long line of personal injury cases, the *Ioannidou* court was focused only on the standard for a property owner's liability for injuries resulting from negligent maintenance of a staircase. *Id.* Per *Ioannidou*, "complete and exclusive control" remains the relevant standard for tort claims based on negligent failure to maintain property. It is not the relevant standard for determining tenant harassment claims under the NYC Administrative Code, and Defendants do not – and cannot - cite any case in which a court has applied it that way.

In contrast, Plaintiff has cited multiple cases[1] in which managing agents have been held to be "owners" under the tenant harassment law. Defendants attempt to distinguish these cases by asserting that they apply only to managing agents who are formally registered with the New York City Department of Housing Preservation and Development (HPD). Defendants mischaracterize both the cases and the statute. While some of the cases cited by Plaintiff do concern managing agents who were formally registered with HPD, nothing in these or any other cases hold that *only* registered managing agents can be owners under NYC Administrative Code 27-2004(a)(45). Indeed, not even all of the cases cited by Plaintiff concerned registered managing agents. *See e.g. Department of Housing Preservation and Development of City of New York v. 2515 LLC*, 6 Misc.3d 1039(A) (Civ. Ct. NY Co. 2005) (respondent's formal registration

---

[1] *See* Pl.'s Mot. at 7*; Langsam Property Services Corp. v. McCarthy*, 261 A.D.2d 208 (1st Dep't 1999); *Department of Housing Preservation and Development of City of New York v. Livingston*, 169 Misc.2d 660 (App. Term 2d Dep't 1996); *Steven Robinson v. Milton Taube and 110 Realty Equities LLC*, 2019 WL 1998128 (Civ. Ct. NY Co. 2019); *Schlam Stone & Dolan, LLP v. Poch*, 40 Misc.3d 1213(A) (Sup. Ct. NY Co. 2013); *Various Tenants v. Pacific Management Corp.,* 13 Misc. 3d 1205(A) (Civ. Ct. Kings Co. 2006); *Department of Housing Preservation and Development of City of New York v. 2515 LLC*, 6 Misc.3d 1039(A) (Civ. Ct. NY Co. 2005); *HPD v. 849 St. Nicholas Equities*, 141 Misc.2d 258 (Civ. Ct. NY Co. 1988).

5

with HPD had expired, but respondent could still be held liable as an owner due to her functional role in managing the building)

Despite Defendants' unsupported assertion to the contrary, courts have in fact held that a party is an "owner" if it collects rent and makes decisions about evictions – as Chanie Waldman and The Edge Realty do here – even if it is not involved in physical maintenance of the property. For example, the court in *Jackson v. The Dunbar, LLC*, 2012 WL 760499, 2012 N.Y. Slip Op. 30493(U) (Sup. Ct. NY Co. 2012), held that the term "owner" encompassed a social services organization that rented an apartment from a private landlord and sublet it to the client-petitioner, even though the organization had no physical control of the apartment or responsibility for maintenance, and only collected rent and enforced lease rules against the occupant. In contrast, Defendants do not – and cannot – cite any cases in which a party was held not to be an owner even though it collected rent and made eviction decisions.

The broad definition of "owner" adopted in the above cases follows directly from the express wording of the statute, which defines "owner" functionally as any "any person, firm or corporation, directly or indirectly in control of a dwelling." NYC Administrative Code 27-2004(a)(45). In *Steven Robinson v. Milton Taube and 110 Realty Equities LLC*, 2019 WL 1998128 (Civ. Ct. NY Co. 2019), the court noted that "[t]he purpose of this language is to impose liability on any entity or person with some say in the operation of a building." In *Ellouzi v. Sherman*, 63 Misc. 3d 1216(A) (Civ. Ct. NY Co. 2019), the court explained that

> The Legislature's use of such a definition of "owner," for purposes of HP proceedings in particular, demonstrates the Legislature's intent to relieve the Housing Court from adjudicating disputes between parties in varying degrees of control over dwellings about their liabilities.

Defendants have admitted that Chanie Waldman and The Edge were hired by Defendants to have significantly more than "some say" in the management of the building, including but not limited to basic landlord functions such as handling all communications with tenants, setting and collecting rent, and deciding who would be evicted. They are owners under the statute if they performed these functions, regardless of whether they were formally registered with HPD.

For the reasons stated above, Plaintiff thus requests that the Court grant her motion to amend the complaint and deny Defendants' motion to dismiss.

DATED:      Brooklyn, New York
                November 30, 2021

Respectfully submitted,

By: /s/ Michael Grinthal
Michael Grinthal, Esq.
TakeRoot Justice Inc.
123 William Street, 16th Floor
New York, NY 10038
 (646) 459-3039
Email: mgrinthal@takerootjustice.org


Tedmund Yuchung Wan, Esq.
TakeRoot Justice Inc.
123 William Street, 16th Floor
New York, NY 11228
646-459-3048
Email: twan@takerootjustice.org

Matthew Austin Schedler, Esq.
CAMBA Legal Services
20 Snyder Avenue
Brooklyn, NY 11226
718-940-6311
Email: matthewsc@camba.org