

CAMBA
where you can

May 23, 2022

VIA ECF
Magistrate Judge Marcia Henry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: **Letter motion to compel discovery from Edge Realty and Chanie Waldman, *Brake v.***
***Slochowsky and Slochowsky, et al.,* No. 1:19-cv-280-ENV-MMH**

Dear Judge Henry:

CAMBA Legal Service along with Take Root Justice, represents Plaintiff Tammy Brake ("Ms. Brake") in this action. Ms. Brake has asserted claims under the Fair Debt Collection Practices Act, and New York City Tenant Harassment Law ("Harassment Law") against her landlord ("Defendants" or "landlord") and its law firm for filing two meritless evictions actions against her. Ms. Brake has settled her claims against the landlord's law firm, however, her state tenant harassment law claim against her landlord remains.

Ms. Brake moves to compel on three issues: 1) compelling Edge Realty and Chanie Waldman, the management company for the landlord and the person from Edge Realty with personal knowledge of the cases against Ms. Brake, to produce documents responsive to Ms. Brake's Subpoena and sit for a deposition, 2) removing the confidentiality designation from the Defendant's insurance policy 3) compelling Defendants to provide deposition dates for Sarah Lichtman and Mayer Waldman.

### Statutory Background

Ms. Brake's suit centers on two Housing Court proceedings filed against her alleging she owed thousands of dollars in fact, when in fact she owed nothing. The filing of bogus eviction proceedings as a tool to harass and force out tenants is so widespread that the Harassment Law specifically bars the practice. NYC Admin Code 27-2115 (d). A violation of the statute entitles the plaintiff to compensatory damages or, one thousand dollars and reasonable attorneys' fees and costs; plus punitive damages. NYC Admin Code 27-2115 (o).

### Procedural History and Relationship between the Landlord and Edge Realty.

In its Rule 26 disclosures the Defendants disclosed that Edge Realty was the management company for the landlord and that Edge Realty and its employee, Chanie Waldman, have knowledge of "Plaintiff's rental history, defaults in paying rent, and the merits of the initial Housing Court Action and subsequent Housing Court Action." The Defendant's initial disclosures are attached as **Exhibit A**. The disclosures stated the address of Edge Realty as 311 Rogers Avenue, Brooklyn 11225. In December, Ms. Brake

served a subpoena for the production of documents in Edge Realty's possession and for Chanie Waldman to attend a deposition.

After service of the subpoena's but before responses were due, Defendant, Jossel Lichtman, was deposed. In his deposition, Mr. Lichtman clarified the relationship between Edge Realty and East 22nd Street Towers LLC ("East 22nd"). Mr. Lichtman testified East 22nd was located at 311 Rogers Avenue, not Edge. Lichtman Dep. 35-44. Copies of the relevant section of Mr. Lichtman's deposition are attached as **Exhibit B**. He also testified that Edge Realty had full control of all the day to day operations of the building and that Edge was owned by Defendant Mayer Waldman. Lichtman Dep. 35-44. Mr. Lichtman testified that virtually all of his interaction with Edge was through Chanie Waldman, Defendant Mayer Waldman's spouse. Lichtman Dep. 52.

After discovering that 311 Rogers was not the correct address for Edge Realty or Chanie Waldman, Plaintiff conferred with Defendants, who amended their Rule 26 disclosures and provided the correct address, 31 Stamford Hill Road Lakewood, NJ 08701. On February 3, 2022, Plaintiff served the new subpoenas on Ms. Waldman and Edge Realty. Copies of the subpoenas and the affidavits of service are attached as **Exhibit C**. Neither Edge nor Chanie Waldman has responded to these subpoenas. Despite the close relationship between Defendant Mayer Waldman and the subpoenaed entities Defendant's counsel has made clear he does not represent them and will not accept service.

**Argument**

Pursuant to Federal Rule of Civil Procedure ("FRCP") 45(d)(2)(B)(i) and Local Civil Rule 37.3(c), Plaintiff requests an order directing Edge Realty to produce documents responsive to Plaintiffs' subpoena and for Chanie Waldman to sit for a deposition. The requested discovery is likely to lead to evidence relevant to the prosecution of Ms. Brake's tenant harassment claim. Defendants have been specific that all the information related to Ms. Brake's rental payments, the tracking of those payments, and whether or not she owed the money in question is the possession of Edge Realty and Ms. Waldman. Lichtman Dep. 35-44.

Neither Edge Realty nor Ms. Waldman have served Plaintiff with objections or filed a motion to quash or modify the subpoena as required by FRCP 45(d)(2)(B) and FRCP 45(d)(3). FRCP 45(d)(2)(B) provides that a party commanded to serve documents who objects to the request serve the requesting party with objections within 14 days or before the date of specified compliance.

While the Federal Rules of Civil Procedure do seek to minimize the burden subpoenas may place on third parties, parties have a right to access information relevant to their case. The rules set out harsh penalties for failing to respond: "The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply." Fed. R. Civ P. 45(d)(1). The lack of response is especially troubling because of the close relationship between the subpoenaed parties and Defendant Mayer Waldman, who, according to Defendant Yossel Lichtman's testimony, is an owner of Edge and the spouse of Chanie Waldman.

Respectfully submitted,

Matthew Schedler

cc: Opposing counsel via ECF

I, Matthew Schedler, counsel for the Plaintiff, Tammy Brake, hereby certify that on this day I served the above referenced document to the parties listed below via overnight mail to:

Edge Realty

31 Stamford Hill Road

Lakewood, NJ 08701


Chanie Waldman

31 Stamford Hill Road

Lakewood, NJ 08701


Enclosures (as stated)
cc: all attorneys of record via ECF

## CERTIFICATE OF CONFERENCE

I not have attempted to resolve these matters without Court involvement, because the third parties in question are so close to defendant, Mayer Waldman, I did not feel it was ethical to attempt to reach out. For example, Mayer Waldman is the owner of Edge Realty and to confer I would need to speak to him directly, I did not believe it was appropriate to do that. In prior conversations with defendant's attorney he made clear that he did not represent the subpoenaed parties and could not facilitate service and I do not believe would be able to facilitate response.

Signed: Brooklyn, NY

May 23, 2022

Matthew Schedler, Esq.