AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| TAMMY BRAKE <br> *Plaintiff* <br> v. <br> SLOCHOWSKY & SLOCHOWSKY, et. al. <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 1:19-cv-280 <br> ) <br> ) <br> ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Chanie Waldman, 31 Stamford Hill Road, Lakewood, NJ 08701

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Remotely by the videoconferencing program Zoom or a similar videoconferencing program | Date and Time: <br> 02/23/2022 5:11 pm |
|---|---|

The deposition will be recorded by this method: Stenographically and by videotape

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/21/2022

CLERK OF COURT

_____     OR     _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Tammy Brake, who issues or requests this subpoena, are:
Matthew Schedler, CAMBA Legal Services, Inc., 20 Snyder Avenue, Brooklyn, NY 11226, 718-940-6311, matthewsc@camba.org

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:19-cv-280

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## DEFINITIONS AND INSTRUCTIONS

Please produce a privilege logs if you are asserting any attorney client privilege, attorney work-product privilege, or assertion of confidentiality that complies with Local Rule 26.2(a) and (b). Plaintiff incorporates by reference the uniform discovery definitions of Local Rule 26.3. In addition to the uniform discovery definitions of Local Rule 26.3, following terms shall have the following meanings:

1. "Plaintiff" means the Plaintiff in this federal lawsuit, Tammy Brake.

2. "Defendants" means the defendants in this federal lawsuit, East 22nd Street Towers, LLC, Yossel Lichtman aka Joseph Lichtman, Sara Lichtman, Mayer Waldman, Slochowsky and Slochowsky, LLP, and William Slochosky.

3. "East 22nd Street" means Defendants East 22nd Street Towers, LLC, Yossel Lichtman aka Joseph Lichtman, Sara Lichtman, Mayer Waldman.

4. "Edge Realty" means The Edge Realty Group, LLC, and Chanie Waldman.

5. "Slochowsky" means Slochowsky and Slochowsky, LLP, William Slochosky, and Elena Doe.

6. "Documents" includes electronic documents.

7. "You" or "Your" means the party to whom this discovery request is directed, its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the responding party or its successors, predecessors, divisions, and subsidiaries.

8. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.

9. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

10. The term "first housing court action" means the putative debt at issue in the state court case captioned *East 22nd Street Towers v. Tammy Brake*, Index No. CV-55135/18.

11. The term "second housing court action" means the state court case captioned *East 22nd Street Towers v. Tammy Brake*, Index No. CV-76107/18.

12. "Identify" (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

13. "Identify" (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

14. When a document production demand asks for "documents sufficient to demonstrate...," you may use an affidavit to answer the question if you wish.

1

# EXHIBIT A

Documents can be produced via email to matthewsc@camba.org or via postal mail to the address listed on the subpoena. If you believe any responsive documents are privileged, please produce a privilege log complying with Local Rule giving the basis of the assertion.

Please produce the all of the following documents "in your possession, custody, or control":

1. All communications and documents concerning Tammy Brake, the first housing court action, the second housing court action, and attempts to collect any debt and documents regarding debt.

2. Communications with any of the Defendants, or any affiliates or agents thereof, including but not limited to emails and faxes, concerning Tammy Brake, the first housing court action, the second housing court action, and attempts to collect any debt.

3. Communications with Slochowsky, or any affiliates or agents thereof, including but not limited to emails and faxes, concerning Tammy Brake, the first housing court action, the second housing court action, and attempts to collect any debt.

4. Communications with East 22nd Street, or any affiliates or agents thereof, including but not limited to emails and faxes, concerning Tammy Brake, the first housing court action, the second housing court action, and attempts to collect any debt.

5. All documents showing the relationship between Edge Realty and East 22nd Street.

NOTE: If any responsive documents are in an electronic form, please email them in addition to producing a hard copy. We request that you email or fax documents responsive to this subpoena at least one day before your deposition, in addition to having a copy at your deposition to be used as a possible exhibit.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

TAMMY BRAKE
*Plaintiff*
v.
SLOCHOWSKY & SLOCHOWSKY, et. al.
*Defendant*

Civil Action No. 1:19-cv-280

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: The Edge Realty Group C/O Mayer Waldman, 31 Stamford Hill Road, Lakewood, NJ 08701

*(Name of person to whom this subpoena is directed)*

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: CAMBA Legal Services, Inc. 20 Snyder Avenue, Brooklyn, NY 11226 | Date and Time: 02/21/2022 5:02 pm |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/21/2022

CLERK OF COURT

_____          OR          _/s/_____
Signature of Clerk or Deputy Clerk                Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Tammy Brake , who issues or requests this subpoena, are:
Matthew Schedler, CAMBA Legal Services, Inc., 20 Snyder Avenue, Brooklyn, NY 11226, 718-940-6311, matthewsc@camba.org

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:19-cv-280

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## DEFINITIONS AND INSTRUCTIONS

Please produce a privilege logs if you are asserting any attorney client privilege, attorney work-product privilege, or assertion of confidentiality that complies with Local Rule 26.2(a) and (b). Plaintiff incorporates by reference the uniform discovery definitions of Local Rule 26.3. In addition to the uniform discovery definitions of Local Rule 26.3, following terms shall have the following meanings:

1. "**Plaintiff**" means the Plaintiff in this federal lawsuit, Tammy Brake.

2. "**Defendants**" means the defendants in this federal lawsuit, East 22nd Street Towers, LLC, Yossel Lichtman aka Joseph Lichtman, Sara Lichtman, Mayer Waldman, Slochowsky and Slochowsky, LLP, and William Slochosky.

3. "**East 22nd Street**" means Defendants East 22nd Street Towers, LLC, Yossel Lichtman aka Joseph Lichtman, Sara Lichtman, Mayer Waldman.

4. "**Edge Realty**" means The Edge Realty Group, LLC, and Chanie Waldman.

5. "**Slochowsky**" means Slochowsky and Slochowsky, LLP, William Slochosky, and Elena Doe.

6. "**Documents**" includes electronic documents.

7. "**You**" or "**Your**" means the party to whom this discovery request is directed, its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the responding party or its successors, predecessors, divisions, and subsidiaries.

8. "**Possession, custody, or control**" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.

9. The term "**person**" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

10. The term "**first housing court action**" means the putative debt at issue in the state court case captioned *East 22nd Street Towers v. Tammy Brake*, Index No. CV-55135/18.

11. The term "**second housing court action**" means the state court case captioned *East 22nd Street Towers v. Tammy Brake*, Index No. CV-76107/18.

12. "**Identify**" (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

13. "**Identify**" (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

14. When a document production demand asks for "documents sufficient to demonstrate....," you may use an affidavit to answer the question if you wish.

# EXHIBIT A

Documents can be produced via email to matthewsc@camba.org or via postal mail to the address listed on the subpoena. If you believe any responsive documents are privileged, please produce a privilege log complying with Local Rule giving the basis of the assertion.

Please produce the all of the following documents "in your possession, custody, or control":

1. All communications and documents concerning Tammy Brake, the first housing court action, the second housing court action, and attempts to collect any debt and documents regarding debt.

2. Communications with any of the Defendants, or any affiliates or agents thereof, including but not limited to emails and faxes, concerning Tammy Brake, the first housing court action, the second housing court action, and attempts to collect any debt.

3. Communications with Slochowsky, or any affiliates or agents thereof, including but not limited to emails and faxes, concerning Tammy Brake, the first housing court action, the second housing court action, and attempts to collect any debt.

4. Communications with East 22nd Street, or any affiliates or agents thereof, including but not limited to emails and faxes, concerning Tammy Brake, the first housing court action, the second housing court action, and attempts to collect any debt.

5. All documents showing the relationship between Edge Realty and East 22nd Street.

NOTE: If any responsive documents are in an electronic form, please email them in addition to producing a hard copy. We request that you email or fax documents responsive to this subpoena at least one day before your deposition, in addition to having a copy at your deposition to be used as a possible exhibit.

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT/EASTERN DISTRICT OF NEW YORK | | Attorney: CAMBA LEGAL SERVICES |

TAMMY BRAKE

                                          Plaintiff(s)

            - against -

SLOCHOWSKY & SLOCHOWSKY, ETAL

                                          Defendant(s)

Index # 1:19-CV-280

Court Date February 21, 2022

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NEW YORK ss:

DAN KNIGHT BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on February 3, 2022 at 04:32 PM at

C/O MAYER WALDMAN
31 STAMFORD HILL ROAD
LAKEWOOD, NJ 08701

deponent served the within SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION, EXHIBIT A on THE EDGE REALTY GROUP therein named.

       BY LEAVING A TRUE COPY WITH MRS. WALDMAN, BEING AUTHORIZED TO ACCEPT LEGAL PAPERS STATED.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| FEMALE | WHITE | BROWN | 38 | 5'6 | 160 |

PERSON SPOKEN TO REFUSED TO STATE TRUE FIRST NAME.

Sworn to me on February 9, 2022

JOSEPH KNIGHT
Notary Public, State of New York
No. 01KN6178241
Qualified In New York County
Commission Expires November 26, 2023

VINETTA BREWER
Notary Public, State of New York
No. 01BR4949206
Qualified in Bronx County
Commission Expires April 3, 2023

DAN KNIGHT

Invoice #: 778706

UNITED PROCESS SERVICE, INC., 225 BROADWAY, SUITE 440, NEW YORK, NY 10007 - (212) 619-0728 NYCDCA#1102045

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT/EASTERN DISTRICT OF NEW YORK | | Attorney: CAMBA LEGAL SERVICES |

TAMMY BRAKE

                              Plaintiff(s)

          - against -

SLOCHOWSKY & SLOCHOWSKY, ETAL

                              Defendant(s)

Index # 1:19-CV-280
Court Date February 23, 2022

**AFFIDAVIT OF SERVICE**

Witness Fee Tendered: $40.00

STATE OF NEW YORK: COUNTY OF NEW YORK ss:

DAN KNIGHT BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on February 3, 2022 at 04:32 PM at

31 STAMFORD HILL ROAD
LAKEWOOD, NJ 08701

deponent served the within SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION, EXHIBIT A on CHANIE WALDMAN therein named,

**SUITABLE AGE** by delivering thereat a true copy of each to MRS. WALDMAN a person of suitable age and discretion. Said premises is Witness's dwelling house within the state. She identified herself as the RELATIVE of the Witness.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| FEMALE | WHITE | BROWN | 38 | 5'6 | 160 |

**MAILING** Deponent enclosed a copy of same in a postpaid wrapper properly addressed to the Witness at the Witness's last known residence at

31 STAMFORD HILL ROAD
LAKEWOOD, NJ 08701

and deposited said wrapper in a post office or official depository under exclusive care and custody of the United States Postal Service within New York State on February 9, 2022 by REGULAR FIRST CLASS MAIL in an envelope marked PERSONAL & CONFIDENTIAL and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the entity to be served.

PERSON SPOKEN TO REFUSED TO STATE TRUE FIRST NAME.

Sworn to me on: February 9, 2022

JOSEPH KNIGHT
Notary Public, State of New York
No. 01KN6178241
Qualified In New York County
Commission Expires November 26, 2023

VINETTA BREWER
Notary Public, State of New York
No. 01BR4949206
Qualified in Bronx County
Commission Expires April 3, 2023

DAN KNIGHT

Invoice #: 778707

UNITED PROCESS SERVICE, INC., 225 BROADWAY, SUITE 440, NEW YORK, NY 10007 - (212) 619-0728 NYCDCA#1102045